■ 23 REALTY ASSOCIATES, Respondent-Appellant, v LEONARD ZACK, Appellant-Respondent. [679 NYS2d 144] —Order, Supreme Court, New York County (Emily Goodman, J.), entered March 13, 1997, which denied the respective motions of the parties for summary judgment, unanimously modified, on the law, to the extent of granting defendant's motion for summary judgment dismissing the complaint, and otherwise affirmed, with costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

In order to prevail on a cause of action for legal malpractice based on an attorney's failure to submit an affidavit with personal knowledge in opposition to a motion for summary judgment, a plaintiff must "demonstrate that defendants failed to exercise the degree of care, skill and diligence commonly possessed by a member of the legal profession, that defendants' negligence was the proximate cause of the loss sustained, that the plaintiff incurred damages as a direct result of defendants' actions and that plaintiff would have succeeded had defendants exercised due care." (*Rubinberg v Walker*, 252 AD2d 466, 467).

Here, plaintiff has failed to show that a question of fact exists as to its ability to meet that burden, and the complaint should therefore be dismissed.

The very affidavits submitted by plaintiff's principals in the underlying matter, in which plaintiff had been sued by the law firm of Shaw & Binder for attorney's fees, establish that defendant herein, plaintiff's attorney in that matter, had good and sufficient reason to submit relatively unelaborated affidavits in response to a motion for summary judgment on a cause of action for an account stated in that action. Those sworn affidavits, which were submitted on a motion to reargue in that case, state that the reason for the lack of detail in their prior affidavits was that, at the time they were submitted, they had "no records to refresh our memory of any specific dates or matter on bills which we objected to at the time" because the records were in the hands of a receiver.

Moreover, there is no showing that there would have been a different result had defendant herein informed the court of the unavailability of the records in its opposition to the original motion rather than on a motion to reargue, since the court

specifically found, after reviewing the detailed documents that were appended as exhibits to the reargument motion, that plaintiff's claim that it had been defrauded by Shaw & Binder's alleged overbilling practices was "conclusory and speculative". Concur—Milonas, J. P., Rosenberger, Ellerin and Andrias, JJ.