■ ROBERT HUTT et al., Appellants, v KANTERMAN & TAUB, P. C., et al., Respondents. [720 NYS2d 781] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered May 9, 2000, dismissing this action for legal malpractice, and bringing up for review orders entered January 14 and April 6, 2000, which dismissed a portion of the action for failure to state a cause of action pursuant to CPLR 3211 (a) (7) and the remainder of the action for lack of merit pursuant to CPLR 3212, unanimously affirmed, without costs. Appeals from said orders, unanimously dismissed, without costs, as superseded by the appeal from the judgment.

The first cause of action was properly dismissed on the ground that while defendant attorneys' failure to perfect the appeal from the order dismissing the underlying action may have been sufficient to plead a breach of duty, plaintiffs' allegations fail to show that but for such failure they would have prevailed on the appeal (see, *Weiner v Hershman & Leicher*, 248 AD2d 193). The third cause of action, which alleges that defendants' failure to perfect the appeal constituted a breach of their agreement to "prosecute [the underlying action] with skill, care and professional competence commonly possessed and exercised by a member of the legal profession," was properly dismissed as redundant of the first cause of action for malpractice absent allegations setting forth the specific terms of a separate retainer agreement concerning the appeal (see,

*Senise v Mackasek,* 227 AD2d 184). As to the second cause of action, which alleges that defendants failed to skillfully oppose the summary judgment motion that resulted in the dismissal of plaintiffs' complaint in the underlying action, summary judgment in favor of defendants was properly granted. Our review of the record indicates that the result in the underlying action would ultimately have been the same even if the omitted evidence and arguments had been presented on the original motion (*see, 23 Realty Assocs. v Zack,* 255 AD2d 111). We have considered plaintiffs' other arguments and find them unpersuasive. Concur—Nardelli, J. P., Tom, Lerner, Buckley and Friedman, JJ.