■ ABRAHAM BERKOWITZ, Appellant-Respondent, v FISCHBEIN, BADILLO, WAGNER & HARDING, Defendant, and RICK, STEINER, SEGAL & FELL, P.C., et al., Respondents-Appellants. [825 NYS2d 17]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered July 12, 2005, which granted the motion by defendants Segal and the Rick, Steiner firm for summary judgment dismissing the cause of action against them for legal malpractice, but denied dismissal of the remaining claim for breach of contract, unanimously modified, on the law, the motion granted to dismiss the breach of contract claim as well, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants-respondents-appellants dismissing the complaint as against them.

Plaintiff failed to show that "but for" his attorneys' omission, he would not have been prosecuted by the Attorney General's office. This failure to establish proximate cause mandates dismissal of a legal malpractice action, regardless of an attorney's negligence (*see Brooks v Lewin*, 21 AD3d 731, 734 [2005], *lv denied* 6 NY3d 713 [2006]).

As plaintiff concedes, his claim for breach of contract should have been dismissed as superfluous, as was an earlier dismissed cause of action for breach of fiduciary duty (*see Turk v Angel*, 293 AD2d 284 [2002], *lv denied* 100 NY2d 510 [2003]). Concur—Mazzarelli, J.P., Friedman, Sullivan, Catterson and Malone, JJ. [*See* 9 Misc 3d 1104(A), 2005 NY Slip Op 51398(U) (2005).]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS CEPEDA, Appellant. [823 NYS2d 750]—Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered on or about February 1, 2005, unanimously affirmed. No opinion. Order filed. Concur—Mazzarelli, J.P., Friedman, Sullivan, Catterson and Malone, JJ.