■ HERBERT NASON et al., Appellants-Respondents, v IVAN STEPHEN FISHER, Respondent-Appellant, and LUCAS ANDINO et al., Respondents. [828 NYS2d 51]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered April 25, 2006, which denied plaintiffs' motion

for summary judgment for default on the pleadings and granted defendants' cross motion for summary judgment to the extent of dismissing the entire complaint as against defendants Andino and Brito, and all but the second and seventh causes of action against defendant Fisher, unanimously affirmed, without costs.

Plaintiffs' motion for a default judgment was properly denied in view of the prior order deeming the answer to the amended complaint served nunc pro tunc, and their failure to appeal therefrom.

There were triable issues of fact with respect to the cause of action for constructive fraud. Plaintiff Herbert Nason testified that he retained these attorneys based not only on a third party's recommendation, but on defendant Fisher's representation that he was experienced in handling commercial partnership cases (cf. *Laub v Faessel*, 297 AD2d 28 [2002]). The cause of action for false representation in violation of Judiciary Law § 487 was deficient for failure to establish the requisite "chronic and extreme pattern of legal delinquency" (*Solow Mgt. Corp. v Seltzer*, 18 AD3d 399, 400 [2005], *lv denied* 5 NY3d 712 [2005]), or that such alleged conduct was the proximate cause of any loss (*see Jaroslawicz v Cohen*, 12 AD3d 160 [2004]). The malpractice cause of action was also properly dismissed for failure to establish that the attorneys' conduct was the "but for" cause of any loss (*see e.g. Berkowitz v Fischbein, Badillo, Wagner & Harding*, 34 AD3d 297, 297 [2006]), and, in light of the client's admission that the ultimate settlement of his underlying litigation was favorable, that there was any loss at all. Since the malpractice cause of action was deficient in these respects, it is immaterial that the defendant attorneys' alleged violation of Disciplinary Rules might otherwise constitute some evidence of malpractice (*see William Kaufman Org. v Graham & James*, 269 AD2d 171, 173 [2000]). As to the false imprisonment cause of action, the record reflects that defendants merely sought to prevent plaintiffs from taking attorney work product without payment.

Summary judgment was properly denied on the cause of action for breach of contract regarding allegedly excessive fees. The motion court properly employed its own knowledge, expertise and experience in determining that there was an issue of fact regarding the alleged overbillings (*see David Realty & Funding, LLC v Second Ave. Realty Co.*, 26 AD3d 257 [2006], *lv denied* 7 NY3d 705 [2006]).

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Buckley, Gonzalez, Sweeny and Catterson, JJ.