■ FRON NAHZI, Formerly Known as FRON NAZI, Respondent, v GERALD LIEBLICH et al., Appellants. [892 NYS2d 97]—

Plaintiff made a prima facie showing of entitlement to judgment with proof of the sale of the corporation's real property, and a stock certificate showing his 25% interest in the corporation and bearing no endorsements that might indicate a transfer of the shares to another person or back to the corporation. Defendants acknowledged that they sold the real property in April 2005 without compensating plaintiff, but asserted that they purchased a cooperative apartment for plaintiff in full consideration of his interest in the corporation. Defendants, however,

produced no evidence, such as corporate books and records or a cancelled stock certificate, tending to show that plaintiff's interest in the corporation had been transferred or that the apartment purchase was in consideration of plaintiff's interest in the corporation. Defendants also asserted that they were continuing to search for records concerning the apartment transaction and needed further disclosure, and that plaintiff should be required to produce his own records. Plaintiff acknowledged that he purchased the apartment with borrowed money, but that the loan was made by a third person and had no connection with his interest in the corporation. We hold that it was not plaintiff's burden to show that there was no such connection, but rather defendants' burden to adduce evidentiary facts in admissible form showing that there was such a connection (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and find that defendants failed to offer anything other than mere hope that evidence favorable to their claim of such a connection might be obtained if additional disclosure were had (*see Logan Advisors, LLC v Patriarch Partners, LLC*, 63 AD3d 440, 443 [2009]).

With respect to the calculation of damages, assuming, as defendants argue, that the calculation should have included the expenses of operating the property, as well as the expenses of the sale itself that the Special Referee was directed to consider, nevertheless, as the court correctly found in confirming the Special Referee's report, defendants' did not provide any evidence of the claimed operating expenses. Their unsworn list of expenses does not qualify as evidentiary material. Concur—Mazzarelli, J.P., Friedman, Nardelli, Renwick and Román, JJ.