630

■ Fron Nahzi, Respondent, v Gerald Lieblich et al., Appellants. [935 NYS2d 2]—

In a prior appeal in this action, we affirmed the January 27, 2009 judgment upon finding that plaintiff established that he was entitled to recover a share of the proceeds realized on the sale of the corporation's real property. Plaintiff presented documentary evidence of his 25% interest in the corporation. Defendants failed to produce any documentary evidence that plaintiff's interest in the corporation had been transferred or that they purchased a cooperative apartment for him in consideration of his interest in the corporation (*Nahzi v Lieblich*, 69 AD3d 427 [2010], *lv denied* 15 NY3d 703 [2010]).

Defendants now seek to vacate the judgment on the ground that plaintiff's deposition testimony in a subsequent action renders his version of events in this action false and misleading (*see* CPLR 5015 [a] [3]). Defendants brought the subsequent action against plaintiff to recover the purchase price of the apartment. In his deposition testimony in that action, plaintiff explained the events leading to the purchase of the apartment more fully than in his affidavit in support of summary judgment in this action. However, the additional facts to which he testified do not support defendants' contention that they purchased the apartment in consideration of plaintiff's interest in the corporation. Nor do the affidavits defendants submitted in support of this contention raise an issue of fact. One offers no support, and the other is based on inadmissible hearsay.

We have considered defendants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Friedman, Catterson and Freedman, JJ. **[Prior Case History: 29 Misc 3d 1238(A), 2010 NY Slip Op 52190(U).]**