Order, Supreme Court, New York County (Paul G. Feinman, J.), entered May 1, 2012, which granted defendant’s motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), and dismissed plaintiff Hasan Biberaj as a party to the action pursuant to CPLR 3211 (a) (3), unanimously affirmed, with costs.
This is an action for, inter alia, legal malpractice arising from defendant attorney’s representation of plaintiff Lieblich in a lawsuit filed against him as a majority shareholder in Lot 1555 Corp. and against the corporation by the minority shareholder (see Nahzi v Lieblich, 69 AD3d 427 [1st Dept 2010], lv denied 15 NY3d 703 [2010]). Plaintiffs allege that defendant should have conducted discovery in the underlying litigation that would have revealed information discovered in subsequent related litigation and should have used that information to oppose summary judgment in the underlying litigation. They further allege that had the information been submitted in opposition to the motion, it would have resulted in a judgment in their favor.
The motion court properly dismissed the legal malpractice claim as plaintiffs failed to “meet the ‘case within a case’ requirement, demonstrating that ‘but for’ the attorney’s conduct the [plaintiff] client would have prevailed in the *463 underlying matter or would not have sustained any ascertainable damages” (Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 272 [1st Dept 2004]; see also Rudolf v Shayne, Bachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). Plaintiffs submitted two affidavits that they allege should have been obtained and submitted in the earlier lawsuit. One of the affidavits is based entirely on hearsay and speculation (see Harvey v Greenberg, 82 AD3d 683 [1st Dept 2011]; Babikian v Nikki Midtown, LLC, 60 AD3d 470, 471 [1st Dept 2009]). The other, from the minority shareholder’s accountant, is based purely on conclusory assertions and speculation that the minority shareholder would have revealed all of the details regarding the purchase of an apartment and his dealings with plaintiffs to the accountant. These documents in no way undermine the unambiguous shareholder agreement clearly evincing the minority shareholder’s interest in Lot 1555. The only remaining evidence that plaintiffs claim defendant failed to timely discover and submit in the underlying action was the minority shareholder’s later deposition testimony that does not support the claim that he did not pay any consideration for his 25% interest in Lot 1555.
The court also properly rejected plaintiffs’ argument that defendant negligently failed to seek an offset from the minority shareholder for his proportionate share of corporate expenses from the sale of corporate property, as the shareholder agreement did not require any shareholder contribution to corporate expenses (see McRay v Citrin, 270 AD2d 191 [1st Dept 2000]), and plaintiffs offered no contrary evidence.
The causes of action for breach of contract, breach of fiduciary duty, and mitigation of costs were also properly dismissed because they stem from the same factual allegations as the cause of action for legal malpractice and allege similar damages (Bernard v Proskauer Rose, LLP, 87 AD3d 412, 416 [1st Dept 2011]).
Plaintiff Biberaj is not a proper party to this litigation because he was not a party to the underlying action, is not listed in the shareholder agreement, and does not allege any misconduct of defendant other than the alleged negligent representation of Lieblich and Lot 1555 in the prior suit. As the motion court noted, the statements in Biberaj’s and Lieblich’s affidavits that Biberaj was a “beneficial shareholder” in the corporation are conclusory and insufficient to establish his legal capacity to sue in this action. Concur — Sweeny, J.E, Moskowitz, Abdus-Salaam and Román, JJ. [Prior Case History: 2012 NY Slip Op 31140(U).]