Judgment, Supreme Court, New York County (Paul Wooten, J.), entered April 16, 2012, dismissing the complaint pursuant to an order, same court and Justice, entered March 23, 2012, which granted defendants’ motion for summary judgment, awarded costs to defendants, and denied defendants’ request for sanctions pursuant to 22 NYCRR 130-1.1, unanimously affirmed, without costs.
In this action against defendants, attorneys who represented Memorial Sloan Kettering Cancer Center (MSKCC) in litigation before the Department of Labor disputing plaintiff s application *636 for unemployment insurance after she resigned from MSKCC, the motion court properly granted defendants’ motion to dismiss the claim made pursuant Judiciary Law § 487 (1). Defendants did not engage in conduct amounting to a “ ‘chronic and extreme pattern of legal delinquency’ ” to support such a claim (see Kinberg v Opinsky, 51 AD3d 548, 549 [1st Dept 2008], quoting Nason v Fisher, 36 AD3d 486, 487 [1st Dept 2007]). Notably, defendants made no misstatements to the Administrative Law Judge (ALJ), the Unemployment Insurance Appeals Board or the Appellate Division, Third Department, and plaintiff consistently prevailed in those proceedings. Additionally, defendants cited a credible basis for their claims of bias by the ALJ, which plaintiff does not refute. Even assuming that the bias claims are meritless, that alone does not amount to conduct supporting a Judiciary Law § 487 (1) claim.
Plaintiff does not cite any facts suggesting that she should have been afforded discovery pursuant to CPLR 3212 (f). On the contrary, the record is complete on all material issues. Plaintiffs request for discovery relating to a handwritten annotation on a form that was relevant to her claim for unemployment insurance before the Department of Labor is not relevant to her section 487 claim, the only claim at issue here.
The motion court properly denied defendants’ request for sanctions. Although plaintiff’s claims are meritless, plaintiffs pursuit of the instant lawsuit is not frivolous within the meaning of 22 NYCRR 130-1.1 (c). Defendants’ renewed request for sanctions based on plaintiffs submission of an incomplete appendix is also denied. Defendants’ request for costs associated with their Respondents’ Appendix is denied. Concur — Tom, J.P., Mazzarelli, Moskowitz and Gische, JJ.
Motion to file supplemental appendix granted to the extent of deeming pages of transcripts from the underlying hearing and emails between plaintiff and Parker, attached as an exhibit to the motion, filed as plaintiff’s supplemental appendix, and
otherwise denied.