Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered April 25, 2013, which granted defendants’ motion to dismiss the complaint to the extent it dismissed the complaint without prejudice to plaintiffs re-serving a further complaint, unanimously modified, on the law, to deny the motion as to the third cause of action, and otherwise affirmed, without costs.
The first two causes of action allege that defendants, as plaintiffs’ retained counsel in a zoning matter and an unrelated litigation, provided inadequate and ineffective representation because plaintiffs’ “objectives” in the zoning matter were not achieved, and because a summary-judgment motion was not filed by the court-imposed deadline in the unrelated litigation. The court properly treated the causes of action as sounding in legal malpractice, as opposed to causes of action founded upon common-law negligence and breach of fiduciary duty, and properly dismissed them due to insufficient allegations as to proximate cause (see generally Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 10 [1st Dept 2008]; Brooks v Lewin, 21 AD3d 731, 734-735 [1st Dept 2005], lv denied 6 NY3d 713 [2006]). Indeed, plaintiffs did not plead facts to indicate that “but for” defendants’ alleged inadequate and ineffective representation of plaintiffs in the zoning and litigation matters, plaintiffs would have achieved the desired results sought (Leder v Spiegel, 9 NY3d 836, 837 [2007], cert denied 552 US 1257 [2008]; Lieblich v Pruzan, 104 AD3d 462, 462-463 [1st Dept 2013]).
Flaintiffs’ third cause of action, alleging that defendants breached their fiduciary duty because they either collected and/or billed plaintiffs for excessive and/or unearned fees, should not have been dismissed as duplicative of the malpractice causes of action (see Loria v Cerniglia, 69 AD3d 583, 583 [2d Dept 2010]). The third cause of action was not based upon the same facts underlying the malpractice claims (cf. Cosmetics Plus Group, Ltd. v Traub, 105 AD3d 134, 143 [1st Dept 2013], lv denied 22 NY3d 855 [2013]). With respect to the instant *515 complaint, a claim of breach of fiduciary duty can be premised on excessive legal fees charged by an attorney (see Sobel v Ansanelli, 98 AD3d 1020, 1022 [2d Dept 2012]; see also Nason v Fisher, 36 AD3d 486, 487 [1st Dept 2007]).
The court providently exercised its discretion in dismissing plaintiffs’ fourth cause of action seeking declaratory relief regarding a dispute over legal fees, since an adequate remedy at law existed for the claim (namely, the third cause of action) (see generally Apple Records v Capitol Records, 137 AD2d 50, 54 [1st Dept 1988]).
Concur — Acosta, J.E, DeGrasse, Richter, ManzanetDaniels and Feinman, JJ.