Halwani v Boris Kogan & Assoc., P.C. (2021 NY Slip Op 06039)





Halwani v Boris Kogan & Assoc., P.C.


2021 NY Slip Op 06039


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Acosta, P.J., Renwick, Kapnick, Kennedy, Mendez, JJ. 


Index No. 155241/14 Appeal No. 14563 Case No. 2020-02670 

[*1]Simon Halwani, Plaintiff-Appellant,
v
Boris Kogan & Associates, P.C., Defendant-Respondent.


Law Office of Alan J. Sasson PC, Brooklyn (Alan J. Sasson of counsel), for appellant.
Boris Kogan & Associates, PC, New York (Boris Kogan of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered October 4, 2019, which denied plaintiff's motion for summary judgment on his complaint alleging legal malpractice, and upon searching the record, granted defendant summary judgment dismissing the complaint in its entirety, unanimously affirmed, without costs.
To establish a cause of action for legal malpractice, a plaintiff must prove that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community; proximate cause; actual and ascertainable damages; and that the plaintiff would have been successful in the underlying action had the attorney exercised due care (see Reibman v Senie, 302 AD2d 290, 290 [1st Dept 2003]). "Th[e] failure to establish proximate cause mandates dismissal of a legal malpractice action, regardless of an attorney's negligence" (Berkowitz v Fischbein, Badillo, Wagner & Harding, 34 AD3d 297, 297 [1st Dept 2006]). At oral argument, plaintiff acknowledged that he offered no evidence that he would have prevailed on appeal in the underlying action but for defendant's conduct. Thus, even if defendant's failure to perfect an appeal may have been sufficient to plead a breach of duty, plaintiff's allegations failed to establish that but for such failure he would have been successful on the appeal (see Hutt v Kanterman & Taub, P.C., 280 AD2d 379, 379 [1st Dept 2001], lv denied 96 NY2d 713 [2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021