Suzuki v Greenberg (2023 NY Slip Op 05455)

Suzuki v Greenberg

2023 NY Slip Op 05455

Decided on October 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 26, 2023

Before: Webber, J.P., Moulton, González, Kennedy, JJ. 

Index No. 159360/21 Appeal No. 913 Case No. 2023-02300 

[*1]Miho Suzuki, Plaintiff-Respondent,
v
Philip Alan Greenberg, Defendant-Appellant.

Philip A. Greenberg, New York, appellant pro se.
Elliot R. Polland, New York, for respondent.

Judgment, Supreme Court, New York County (David B. Cohen, J.), entered May 8, 2023, in favor of plaintiff and against defendant, and bringing up for review an order, same court and Justice, entered April 21, 2023, which granted plaintiff's motion for summary judgment awarding her treble damages on her action brought under Judiciary Law § 487 and denied defendant's cross-motion for summary judgment dismissing the complaint and for sanctions, unanimously affirmed, with costs.
Defendant, an attorney, represented plaintiff's former husband in the matrimonial action underlying this action. During the course of the matrimonial proceedings, defendant knowingly failed to inform the court that in accordance with neglect and custody proceedings held in Kings County Family Court, plaintiff had been awarded primary physical custody of the child of the marriage. Defendant also prepared an affidavit for his client, falsely stating that the client had never been party to a neglect proceeding and asserting that the client was the child's custodial parent. In addition, defendant submitted a final judgment of divorce awarding primary physical custody of the child to his client on the basis of stipulated agreements between plaintiff and the client even though those agreements had been signed three years before the Kings County proceedings. Defendant then presented an order to show cause to hold plaintiff in contempt of court for not complying with the custody provisions in the judgment of divorce.
Plaintiff established her entitlement to summary judgment by submitting evidence that defendant had intentionally failed to apprise the court of the Kings County custody order, thus affirmatively misrepresenting the existence of adverse information relevant to the proceedings (see Schindler v Issler & Schrage, P.C., 262 AD2d 226, 227 [1st Dept 1999], lv denied 94 NY2d 859 [1999]). This evidence was sufficient to establish "egregious conduct" under Judiciary Law § 487 (see id.). Despite defendant's position otherwise, a plaintiff need not demonstrate a chronic pattern of delinquency to recover on a Judiciary Law § 487 action; on the contrary, a single egregious act, such as the one presented here, is sufficient (see e.g. Mazel 315 W. 35th LLC v 315 W. 35th Assoc. LLC, 120 AD3d 1106, 1107 [1st Dept 2014]).
Furthermore, the court properly awarded treble damages despite the fact that plaintiff had already been awarded attorney's fees in the matrimonial action. The matrimonial court found that plaintiff had been damaged by defendant's deceitful conduct to the extent she incurred attorney's fees to address and rectify the fraudulent order procured through that conduct and to defend against the contempt motion, but the matrimonial court could not and did not entertain a claim for treble damages, which Judiciary Law § 487 authorizes by way of a separate legal action (see Melcher v Greenberg Traurig LLP, 135 AD3d 547, 554 [1st Dept 2016]). In any event, the purpose of awarding [*2]treble damages for a violation of Judiciary Law § 487 is to punish a lawyer for his misconduct and to deter him from future misconduct, rather than to compensate a plaintiff for her injury (see Jean v Chinitz, 163 AD3d 497, 499 [1st Dept 2018]).
We reject defendant's argument that his conduct merely constituted zealous representation of his client's interests (see Mazel 315 W. 35th, 120 AD3d at 1107). Defendant had an ethical duty as an officer of the court to uphold the integrity of the court and not to subvert its truth-seeking process for the improper benefit of his client (see Amalfitano v Rosenberg, 12 NY3d 8, 14 [2009]).
We also reject defendant's argument that plaintiff engaged in frivolous conduct when she commenced this action (see 22 NYCRR 130-1.1[c]; Emery v Parker, 107 AD3d 635, 636 [1st Dept 2013]). As the facts above make clear, the record amply supports Supreme Court's decision to grant plaintiff's motion, and the action is far from frivolous.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2023