Carasco v Schlesinger (2023 NY Slip Op 06437)

Carasco v Schlesinger

2023 NY Slip Op 06437

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kapnick, J.P., Friedman, González, O'Neill Levy, JJ. 

Index No. 156729/19 Appeal No. 1203 Case No. 2022-04747 

[*1]Hazel Carasco, Plaintiff-Respondent,
v
Michael Schlesinger, Defendant-Appellant, Morelli Law Firm PLLC, et al., Defendants.

Morelli Law Firm PLLC, New York (Sara A. Mahoney of counsel), for appellant.
Langsam Law LLP, New York (Elise Hagouel Langsam of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered September 8, 2022, which, insofar as appealed from as limited by the briefs, denied defendant Michael Schlesinger's motion for summary judgment dismissing this legal malpractice action as against him, unanimously affirmed, without costs.
In October 2014, plaintiff fell while crossing Second Avenue near 58th Street in Manhattan. In December 2014, plaintiff retained the law firm of Julian & Schlesinger, P.C. (J&S) to bring a personal injury action on her behalf. At that time, Schlesinger was an associate at J&S who had met with plaintiff and represented her at the 50-h hearing. J&S dissolved in 2015 and Schlesinger moved to the Morelli Law Firm, PLLC., who was never retained by plaintiff. On January 28, 2016, Schlesinger commenced a personal injury action in Supreme Court, New York County on plaintiff's behalf. The summons and complaint in the underlying action listed counsel for plaintiff as "Michael S. Schlesinger of the Schlesinger Law Firm, P.C." Between February 2017 and July 2018, Supreme Court, New York County issued orders dismissing the underlying action based, inter alia, on plaintiff's failure to provide discovery. Plaintiff then commenced this legal malpractice action against J&S, Morelli Law Firm [FN1], and Schlesinger.
In order to establish a legal malpractice claim, a plaintiff must establish "three elements: (1) that the attorney was negligent; (2) that such negligence was a proximate cause of plaintiff's losses; and (3) proof of actual damages" (Brooks v Lewin, 21 AD3d 731, 734 [1st Dept 2005], lv denied 6 NY3d 713 [2006]). When the claim is based on the alleged mishandling of a litigation, then plaintiff must satisfy the "case within a case requirement, demonstrating that but for the attorney's conduct the plaintiff client would have prevailed in the underlying matter or would not have sustained any ascertainable damages" (Lieblich v Pruzan, 104 AD3d 462, 462-463 [1st Dept 2013] [internal quotation marks omitted]).
The court correctly determined that Schlesinger failed to establish prima facie that plaintiff could not prevail on her "case within a case" showing that she would have won the underlying personal injury action. Plaintiff provided sufficient detail and testimony to provide a jury with a nonspeculative basis for finding that the accident was caused by the condition of the raised roadway (see Taveras v 1149 Webster Realty Corp., 134 AD3d 495, 496-497 [1st Dept 2015], affd, 28 NY3d 958 [2016]). That plaintiff gave some inconsistent testimony was a credibility issue, not subject to determination on summary judgment (see Latif v Eugene Smilovic Hous. Dev. Fund Co., Inc., 147 AD3d 507, 508 [1st Dept 2017]).
Whether the condition was open and obvious is generally an issue of fact (see Tagle v Jakob, 97 NY2d 165, 169 [2001]). Even were the condition to be found open and obvious, defendants in the underlying action would still have an obligation to maintain the [*2]property in a reasonably safe condition (see Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 70 [1st Dept 2004]).
Finally, Schlesinger could not rely on an absence of proof from plaintiff as to whether the underlying defendants created or had notice of the condition that caused the fall (Sabalza v Salgado, 85 AD3d 436, 437-438 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023

Footnotes

Footnote 1: In the same September 8, 2022 Order, Supreme Court granted defendant the Morelli Law Firm's motion for summary judgment dismissing the complaint as against it. That part of the order has not been challenged on appeal.