Gordon v Martel (2025 NY Slip Op 02993)

Gordon v Martel

2025 NY Slip Op 02993

Decided on May 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 15, 2025

Before: Kern, J.P., Kennedy, González, Shulman, O'Neill Levy, JJ. 

Index No. 150241/23|Appeal No. 4382-4382A|Case No. 2024-00148|

[*1]Martina Gordon, Plaintiff-Respondent-Appellant,
v
Maureen Martel, as Administrator of the Estate of Ronald Hollander, Esq., Deceased. Defendant-Appellant-Respondent.

Furman Kornfeld & Brennan, LLP, New York (Andrew R. Jones of counsel), for appellant-respondent.
Davidoff Hutcher & Citron, LLP, New York (Ian J. Brandt of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 19, 2023, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the complaint as it relates to an alleged failure to appeal and/or challenge a 2018 order characterizing plaintiff's negligence claim as one for breach of warranty of habitability, unanimously reversed, on the law, without costs, and the motion granted. Cross-appeal from aforesaid order, unanimously dismissed, without costs, as abandoned.
This legal malpractice action arises from plaintiff's representation by nonparty Ronald Hollander, Esq., now deceased, in an action concerning an apartment located in Manhattan. Plaintiff alleges that Hollander's failure to challenge the characterization by Supreme Court of a negligence claim as a breach of habitability claim in a 2018 order deprived plaintiff and her husband of litigating their negligence claim, which would have entitled them to special damages and remedies not available under the habitability claim.
Giving plaintiff the benefit of every possible favorable inference (see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]), defendant established that, irrespective of Hollander's alleged negligence, dismissal was warranted because Hollander's representation of plaintiff was not the proximate cause of her alleged damages with respect to her negligence claim (see Zarin v Reid & Priest, 184 AD2d 385, 387-388 [1st Dept 1992]). Nor does plaintiff establish that had Hollander appealed the 2018 order, he would have been successful on the appeal (see Hutt v Kanterman & Taub, 280 AD2d 379, 379 [1st Dept 2001], lv denied 96 NY2d 713 [2001]).
Moreover, Hollander only represented plaintiff until January 2020. As a result, plaintiff's successor counsel had sufficient opportunity to raise the issue of the negligence claim with the court in advance of the hearing on plaintiff's remaining claims, with the Judicial Hearing Officer during the hearing, or thereafter, either by post-hearing submission or subsequent motion (see Somma v Dansker & Aspromonte Assoc., 44 AD3d 376, 377 [1st Dept 2007]).
The complaint further fails to allege facts stating how a challenge by Hollander to the purported discrepancy in the 2018 order would have resulted in an award of ascertainable damages (see Pellegrino v File, 291 AD2d 60, 63 [1st Dept 2002]).
Plaintiff's cross-appeal from the order insofar as it granted defendant's motion to dismiss to the extent the alleged legal malpractice was premised on Hollander's voluntary discontinuance of a third-party action is deemed abandoned. Plaintiff failed to raise any arguments on appeal with respect to that portion of the order (see Altschuler v Jobman 478/480, LLC, 135 AD3d 439, 441 [1st Dept 2016], lv dismissed 28 NY3d 945 [2016], lv denied 29 NY3d 903 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 15, 2025