■ COUNTY OF ULSTER, Respondent, v HIGHLAND FIRE DISTRICT, Appellant. (Action No. 1.) WOODSTOCK FIRE DISTRICT et al., Appellants, v COUNTY OF ULSTER, Respondent. (Action No. 2.) COUNTY OF ULSTER, on Behalf of ULSTER COUNTY SELF-INSURANCE PLAN, Respondent, v EAST KINGSTON VOLUNTEER FIRE DISTRICT, Appellant, et al., Defendant. (Action No. 3.) [815 NYS2d 303]—

Crew III, J.P. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered January 18, 2005 in Ulster County, which, inter alia, granted plaintiff's motion for summary judgment in action No. 1 and granted defendant's motion for summary judgment in action No. 2, and (2) from an order of said court, entered June 13, 2005 in Ulster County, which, inter alia, granted plaintiff's cross motion for summary judgment in action No. 3.

In 1979, the County of Ulster, plaintiff in action Nos. 1 and 3 and defendant in action No. 2, enacted Local Law No. 1 (1979) of the County of Ulster (hereinafter the Local Law) establishing a group self-insurance plan to offer workers' compensation coverage to county-affiliated participants. Pursuant to article III, section 1 of the Local Law, any city, town or village, together with "any fire district in any town which is not a member," could elect to participate in the plan. Similarly, a participant subsequently could opt to withdraw from the plan, "upon the condition that it agree to pay its proportionate share of the estimated liabilities of the plan at the time of withdrawal" (Local Law No. 1 [1979] of County of Ulster, art III, § 1). Once the Local Law took effect, representatives from the County met with various municipal entities, including certain fire districts, regarding participation in the plan.

As a result of such solicitations, defendant in action No. 1, Highland Fire District, plaintiffs in action No. 2, Woodstock Fire District, Town of Ulster Fire District No. 5, Phoenicia Fire District and Plattekill Fire District No. 1, and defendant in action No. 3, East Kingston Volunteer Fire District (hereinafter collectively referred to as the fire districts), individually joined the plan.[1] Notably, each of the towns in which the foregoing fire districts were located already were participants in the plan. Concerns thereafter arose regarding the administration of the

---

**1.** Specifically, East Kingston joined the plan in 1979, Woodstock, Phoenicia and Plattekill joined the plan in 1980, Town of Ulster joined the plan in 1981 and Highland joined the plan in 1985.

plan and, ultimately, the fire districts discovered that, pursuant to Workers' Compensation Law § 63 (3), they actually were covered under their respective town's participation in the plan (*see* 63 Ops St Comp No. 755, at 407-408 [1963]; 58 Ops St Comp No. 366, at 147-148 [1958]), a fact the County apparently did not mention when it originally solicited the individual fire district's participation in the plan. As a result, the fire districts each withdrew from the plan, refused to pay the withdrawal fee and obtained private insurance coverage.[2]

In October 1997, the Woodstock, Town of Ulster, Phoenicia and Plattekill fire districts commenced action No. 2 against the County contending that they had been fraudulently induced into participating in the plan and seeking cancellation of the withdrawal fee and reimbursement of their premiums. Thereafter, in November 1999, the County commenced action No. 1 against the Highland Fire District alleging breach of contract and demanding payment of the withdrawal fee. Highland answered, raised various affirmative defenses and asserted a counterclaim demanding cancellation of the withdrawal fee and a refund of its premiums. These actions subsequently were joined, and the respective parties moved for summary judgment.

By order entered January 18, 2005, Supreme Court found in favor of the County, reasoning that although the County plainly erred in offering coverage to fire districts located within towns that already were participants in the plan, inasmuch as the cost of the premiums paid simply shifted from the towns to the fire districts, there was no "double charging" and, further, because the fire districts received the coverage for which they paid, the County's error in this regard caused no damage to the respective fire districts. In essence, the court adopted a "no harm, no foul" approach and, accordingly, awarded summary judgment in favor of the County.

In the interim, in October 2003, the County commenced action No. 3 against, among others, East Kingston, again seeking to recover the withdrawal fee. East Kingston answered, asserted a counterclaim seeking cancellation of the withdrawal fee and a refund of its premiums and moved for summary judgment. The County cross-moved for summary judgment, which motion Supreme Court granted, by order entered June 13, 2005, for the reasons set forth in its prior decision in action Nos. 1 and 2.

---

2. Again, more specifically, Woodstock, Phoenicia, Town of Ulster and Plattekill withdrew effective January 1, 1997, Highland withdrew effective December 31, 1998 and East Kingston withdrew effective December 31, 2001.

These appeals by the fire districts, which have been consolidated by an order of this Court, ensued.[3]

We affirm. Preliminarily, we agree with the County that the counterclaims raised by the relevant fire districts in action Nos. 1 and 3 were barred by the applicable statute of limitations. Here, the fire districts' counterclaims sounded in actual fraud, constructive fraud and negligent misrepresentation. A cause of action for fraud must be commenced within six years of the date the fraud occurred or within two years of the date such fraud could have been discovered with reasonable diligence (*see* CPLR 213 [8]). A cause of action for constructive fraud also must be commenced within six years of the date the fraud occurred, and there is no two-year extension from the date of reasonable discovery (*see Liberty Co. v Boyle*, 272 AD2d 380, 381 [2000]). Finally, if the facts underlying a cause of action for negligent misrepresentation also state a cause of action for fraud, it too must be brought within six years of the offending conduct (*see Fromer v Yogel*, 50 F Supp 2d 227, 242 [1999]). Here, given that the alleged fraud and misrepresentation occurred when the County solicited the fire districts' participation in the plan and that such districts joined the plan between 1979 and 1985, the instant counterclaims plainly are time-barred. To the extent that the fire districts argue that the underlying fraud was not reasonably discoverable until the plan was audited in 1995 and 1996, we need note only that the crux of the fire districts' claim—that they never should have been asked to join the plan because the towns within which they were located already were members and, hence, the fire districts already were covered by the plan—was or should have been evident to all involved based upon a plain reading of the Local Law and/or the provisions of Workers' Compensation Law § 63. Hence, the date of the underlying audit does not represent the starting point for the applicable statute of limitations.[4]

As to the balance of the County's motions for summary judg-

3. In January 2006, Supreme Court approved a stipulation of settlement between the parties in action No. 2 and, hence, our discussion will be confined to the arguments raised by the parties in action Nos. 1 and 3.

4. To the extent that the underlying counterclaim sought cancellation of the respective withdrawal fees, that portion of the counterclaims plainly cannot be deemed time-barred as such claims did not accrue until the fire districts withdrew from the plan and a demand for payment of the subject withdrawal fees was made. However, having received the very coverage for which the fire districts tendered premiums (*see infra*), as well as various benefits under the plan, it would be fundamentally unfair to permit the fire districts to now avoid paying their proportionate share of the outstanding liabilities. Accordingly, the fire districts' respective counterclaims, to the extent not time-barred, are nonetheless dismissed.

ment, we agree with Supreme Court that the County clearly erred in soliciting the subject fire districts' participation in the plan. The towns within which such districts were located already were plan participants and, as a result, not only were the individual fire districts ineligible to join the plan, but such participation was entirely unnecessary because the relevant fire districts already were covered by the towns' participation in the plan. That said, however, we also agree that the fire districts have failed to demonstrate the manner in which they were damaged by such "misrepresentation," which, of course, is an element of their underlying fraud claims (*see Dowdell v Greene County*, 14 AD3d 750, 751 [2005]). Because the individual towns were not charged to cover the subject fire districts during the relevant time period and, further, because the towns and the fire districts both obtained funds to pay their respective premiums by taxing the same property owners, the cost to participate in the plan, i.e., the premium, simply shifted from one entity (the respective towns) to the other (the fire districts) with no net effect. Absent any proof that double billing did in fact occur or that the fire districts did not receive the coverage for which they tendered premiums, we cannot say that Supreme Court erred in granting the County's motions for summary judgment.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.