■ TRANSACTION ADVISORY SERVICES, LLC, Respondent, v SILVER BAR HOLDING, LLC, et al., Appellants, et al., Defendants. [831 NYS2d 159]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered May 17, 2006, which, in an action for breach of contract, denied defendants-appellants' motion to dismiss the complaint, unanimously affirmed, with costs.

We reject appellants' argument that the transaction plaintiff claims generated its assignor's right to a fee under the contract between the assignor and appellant Silver Bar Holding was, in substance, a purchase of real estate, and that the action must be dismissed pursuant to Real Property Law § 442-d because the assignor did not have a real estate broker's license. The contract language clearly shows that the assignor was hired to provide an array of investment advice and services, including finding investors to participate with appellants in purchases of real property. By finding such an investor, the assignor did not thereby become a real estate broker on the separate transaction in which Silver Bar Holding and the investor pooled their resources to purchase real property (see Reiter v Greenberg, 21 NY2d 388 [1968]; Eaton Assoc. v Highland Broadcasting Corp., 81 AD2d 603 [1981]). There is no evidence that the assignor introduced the seller of the property to either Silver Bar Holding or the investor, or otherwise was the procuring cause of the real estate transaction (see Kavian v Vernah Homes Co., 19 AD3d 649 [2005]). Nor should the action be dismissed as against appellants other than Silver Bar Holding for lack of privity. The record shows that the other appellants, one of which is the purchaser of the property, are owned by or closely affiliated with Silver Bar Holding, and therefore fall within the expanded definition of Silver Bar Holding set forth in the amendment to the subject contract. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Catterson, JJ.