■ NATURAL ORGANICS INC., Respondent, v ANDERSON KILL & OLICK, P.C., et al., Appellants. [891 NYS2d 321]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 24, 2009, which, to the extent appealed from, denied defendants' CPLR 3211 motion to dismiss the legal malpractice and breach of contract causes of action, and permitted plaintiff leave to replead its unfair business practice cause of action, unanimously modified, on the law, the motion granted to the extent of dismissing the legal malpractice cause of action with prejudice, dismissing the breach of contract cause of action in part as indicated herein, withdrawing permission to replead the unfair business practice cause of action, and otherwise affirmed without costs.

Plaintiff alleged that it retained defendant law firm to bring an action against an insurance company. After several years of litigation, plaintiff agreed to settle the matter for $750,000, which was less than the $1.3 million claimed value of the

lawsuit. Several years after the settlement, the law firm informed plaintiff that Brian Valery, who had held himself out as an attorney and worked on plaintiff's case, was in fact not licensed to practice law. Plaintiff then brought this action, alleging it would have obtained a more favorable result in the insurance litigation if the firm had exercised more care with regard to Valery's employment. The complaint sought damages for the difference between the purported $1.3 million value of plaintiff's insurance claim and the $750,000 settlement amount, as well as all of the legal fees billed by the law firm for the entire matter.

Allegations in support of a claim of legal malpractice must at least "permit the inference that, but for defendants' [alleged negligence], plaintiff would not have sustained actual, ascertainable damages" (*Pyne v Block & Assoc.*, 305 AD2d 213 [2003]). Since plaintiff failed to allege facts that "sufficiently demonstrate a causal relationship between purported conduct on the part of defendants and damages suffered by plaintiff" (*Gall v Summit, Rovins & Feldesman*, 222 AD2d 225, 226 [1995], *lv dismissed* 88 NY2d 919 [1996]), the malpractice claim is dismissed. The dismissal is with prejudice, since repleading would be barred by the statute of limitations (*see* CPLR 214 [6]; *Byron Chem. Co., Inc. v Groman*, 61 AD3d 909, 910 [2009]).

That part of the breach of contract cause of action alleging a breach of professional standards and seeking damages for the alleged shortfall from the settlement and all of plaintiff's legal fees is dismissed as duplicative of the malpractice claim (*see Rivas v Raymond Schwartzberg & Assoc., PLLC*, 52 AD3d 401 [2008]). However, to the extent that plaintiff's breach of contract claim rests on the fees it paid for Valery's services, plaintiff has pleaded sufficient facts to state a claim. The complaint alleges that the law firm continuously held out Valery as a licensed attorney and billed in excess of $70,000 for his services, even though it is undisputed that he was, in fact, not an attorney. At this early stage of the proceedings, it cannot be said that these particular damages are too speculative (*see Fielding v Kupferman*, 65 AD3d 437, 442 [2009]).

Plaintiff should not be permitted to replead its unfair business practice cause of action to assert a claim under General Business Law § 349 because it cannot show that defendants, by employing Valery, engaged in acts or practices having a broad impact on consumers at large (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320 [1995]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Renwick and Richter, JJ.