■ DAVID S. DINHOFER, M.D., Appellant, v MEDICAL LIABILITY MUTUAL INSURANCE COMPANY et al., Respondents. [938 NYS2d 525]—

Plaintiff's claims against the MLMIC defendants of fraud, deceitful business practices, and breach of their duty to defend him in good faith are barred by the doctrine of equitable estoppel. The MLMIC defendants established that in reasonable reliance upon plaintiff's execution of the consent to settle the underlying medical malpractice action they made a prejudicial change in their position by, inter alia, disbanding the advisory committee that, pursuant to the policy, would have resolved the matter of settlement absent plaintiff's consent, and paying to settle the claim against him (*see River Seafoods, Inc. v JPMorgan Chase Bank*, 19 AD3d 120, 122 [2005]). These claims are also barred by the doctrine of ratification, since plaintiff failed to act promptly to seek rescission of the consent (*see Matter of Guttenplan*, 222 AD2d 255, 257 [1995], *lv denied* 88 NY2d 812 [1996]), and indeed accepted and retained the benefits of the settlement (*see Napolitano v City of New York*, 12 AD3d 194 [2004]).

Plaintiff failed to establish that but for the B&T defendants' alleged negligence he would have prevailed or received a better result in the underlying action (*see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]; *Leder v Spiegel*, 31 AD3d 266, 267-268 [2006], *affd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]). Thus, even assuming plaintiff raised an issue of fact whether the B&T defendants wrongfully concealed their joint representation of multiple defendants in the medical malpractice action, or otherwise were negligent in their defense of him, his legal malpractice claim was correctly dismissed.

Plaintiff's remaining claims against the B&T defendants also were correctly dismissed. His fraud claim is duplicative of his legal malpractice claim since it arose from the same underlying facts and alleged similar damages (*see InKine Pharm. Co. v Coleman*, 305 AD2d 151 [2003]). His Judiciary Law § 487 claim is unsupported by evidence of "the requisite chronic and extreme pattern of legal delinquency" (*see Nason v Fisher*, 36 AD3d 486, 487 [2007] [internal quotation marks and citation omitted]). His General Business Law § 349 claim is unsupported by evidence that the alleged conduct had "a broad impact on consumers at large" (*see Natural Organics Inc. v Anderson Kill & Olick, P.C.*, 67 AD3d 541, 542 [2009], *lv dismissed* 14 NY3d 881 [2010]).

We have considered plaintiff's remaining arguments and find

them unavailing. Concur—Tom, J.P., Sweeny, Acosta, Renwick and Román, JJ. **[Prior Case History: 2010 NY Slip Op 33695(U).]**