■ PROMATECH, INC., Appellant, v AFG GROUP, INC., Respondent, et al., Defendants. [943 NYS2d 478]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered December 3, 2010, which, to the extent appealed from as limited by the briefs, granted the motion by defendant AFG Group, Inc. (AFG) to dismiss the causes of action alleging violations of General Business Law § 349 and New Jersey's Consumer Fraud Act (NJ Stat Ann § 56:8-2) as against it, unanimously affirmed, without costs.

In this action alleging violations of the General Business Law and New Jersey's Consumer Fraud Act, plaintiff Promatech and defendant AFG, construction management companies that conduct business within New York and the tri-state area, are often in direct competition with each other. In 2007, plaintiff's former vice-president went to work for defendant AFG. Plaintiff alleges that defendant thereafter wrongfully represented in advertising and in project proposals that construction management work done by plaintiff was defendant's work and that this

misinformation harmed the governmental entities in New York and New Jersey that contracted for construction management services with defendant. Defendant maintains that it was within its rights to advertise the experience of its employee.

The motion court correctly dismissed the cause of action pursuant to General Business Law § 349 since plaintiff failed to plead that defendant's alleged misrepresentation had a broad impact on consumers at large (*see Natural Organics Inc. v Anderson Kill & Olick, P.C.*, 67 AD3d 541, 542 [2009], *lv dismissed* 14 NY3d 881 [2010]). Moreover, plaintiff's alleged "good will" damages are derivative in nature and thus nonrecoverable (*see City of New York v Smokes-Spirits.Com, Inc.*, 12 NY3d 616, 621-624 [2009]).

The motion court also properly dismissed plaintiff's second and fourth causes of action, which allege that plaintiff violated the New Jersey Consumer Fraud Act (NJ Stat Ann § 56:8-1 *et seq.*), since the complaint fails to plead an ascertainable loss by plaintiff caused by the alleged unlawful conduct (*see Bosland v Warnock Dodge, Inc.*, 197 NJ 543, 557, 964 A2d 741, 749 [2009]). Although the complaint alleges that defendant gained a financial benefit by misrepresenting plaintiff's work as its own, there is no claim that defendant suffered any loss such as a lost contract, or suffered some other direct loss. Concur—Saxe, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.