■ ALEC J. MEGIBOW, M.D., Appellant, v CARON.ORG et al., Respondents. [964 NYS2d 18]—Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered June 9, 2011, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

The motion court had jurisdiction to entertain defendants' motion, which was interposed after entry of the federal court order of remand but before the ministerial mailing of the order to the state court (*see In re Lowe*, 102 F3d 731, 735 [4th Cir 1996]; *Health for Life Brand, Inc. v Powley*, 203 Ariz 536, 540-541, 57 P3d 726, 730-731 [2002]). Plaintiff's claims were barred by the broad language of the March 2009 release (*see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 76 AD3d 310, 318 [1st Dept 2010], *affd* 17 NY3d 269 [2011]). Plaintiff failed to show that the release should be vacated on the ground that it had been induced by fraud because, among other reasons, plaintiff ratified the settlement by retaining the consideration he received for it (*see Dinhofer v Medical Liab. Mut. Ins. Co.*, 92 AD3d 480, 481 [1st Dept 2012], *lv denied* 19 NY3d 812 [2012]).

In view of the foregoing, it is unnecessary to address defendants' unopposed contentions regarding deficiencies in plaintiff's causes of action.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Abdus-Salaam, Manzanet-Daniels and Clark, JJ.