■ David Glynos, Respondent, v Andreas Dorizas, Appellant. [964 NYS2d 523]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered July 18, 2012, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss plaintiff's cause of action for breach of contract, unanimously affirmed, with costs.

The court *properly* determined that the action is not barred by Real Property Law § 442-d, which provides that an unlicensed person may not bring an action to recover a commission for facilitating the sale of real estate. The contract between the parties did not provide for plaintiff, who is not a licensed real estate broker, to receive a commission based on the sale of the property. Rather, it provided that, upon the sale of the property at a specified minimum selling price, plaintiff would be paid a bonus for, inter alia, past management services rendered by him. In addition, although plaintiff was motivated to see the property sell above the minimum price, he was not the procuring cause of the real estate transaction. Defendant retained and paid a real estate broker to sell the property (*see Transaction Advisory Servs., LLC v Silver Bar Holding, LLC*, 38 AD3d 241 [1st Dept 2007]; *Kavian v Vernah Homes Co.*, 19 AD3d 649 [1st Dept 2005]).

The court also properly determined that plaintiff's breach of contract claim was not barred by the statute of limitations. The alleged breach for nonpayment under the terms of the contract did not occur until the property was sold, less than six years before the action was commenced (*see* CPLR 213; *Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]).

We have considered defendant's remaining arguments and find them unpreserved and unavailing. Concur—Friedman, J.P., Richter, Feinman, Gische and Clark, JJ.