Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered June 11, 2012, which, to the extent appealed from, granted third-party defendant’s motion to dismiss the third-party complaint, unanimously affirmed, without costs. Appeal from so much of the order as granted plaintiff’s motion to dismiss the fourth, ninth, tenth, thirteenth, fifteenth and sixteenth affirmative defenses, unanimously withdrawn in accordance with the stipulation of the parties.
The 1995 lease upon which defendants, as tenants, base their third-party claims was superseded by the 2009 lease. The 2009 lease stated twice, in boldfaced upper-case letters, that the tenants lacked any right to renewals, and contained a merger clause barring claims under preceding agreements (see Purchase Partners II, LLC v Westreich, 50 AD3d 499 [1st Dept 2008], lv denied 12 NY3d 702 [2009]). The tenant husband, who did not sign the 2009 lease, is estopped to deny his wife’s authority to sign on his behalf, because, inter alia, he ratified the lease by accepting the benefits of its two-year extension at below-market-rate rent without promptly seeking to rescind (see Dinhofer v Medical Liab. Mut. Ins. Co., 92 AD3d 480 [1st Dept 2012], lv denied 19 NY3d 812 [2012]).
It does not avail defendants to claim unilateral mistake because their failure to read the 2009 lease, despite its prefatory caution that they do so and the common-law rule reflected therein, bars their claim of reasonable reliance on its “renewal lease” heading as a matter of law (see Hutchinson Burger, Inc. v Hutch Rest. Assoc., L.P., 100 AD3d 531 [1st Dept 2012]; Vulcan Power Co. v Munson, 89 AD3d 494 [1st Dept 2011], lv denied 19 NY3d 807 [2012]). Moreover, the 28-page 2009 lease differed in various respects from the earlier leases that the tenants previ *514 ously signed. Apart from the plain contents of the 2009 lease, the then owner was not under a duty to disclose the 2009 changes (see Dembeck v 220 Cent. Park S., LLC, 33 AD3d 491 [1st Dept 2006]).
We have considered defendants’ remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, DeGrasse, Richter and Gische, JJ.