■ DELAWARE COUNTY, Appellant-Respondent, v LEATHERSTOCKING HEALTHCARE, LLC, Respondent-Appellant, and LEATHERSTOCKING REALTY HOLDINGS, LLC, Respondent. [973 NYS2d 817]—

Rose, J.P. Cross appeals from an order of the Supreme Court (Lambert, J.), entered September 17, 2012 in Delaware County, which, among other things, partially granted defendants' motion to dismiss the complaint.

Plaintiff and defendant Leatherstocking Healthcare, LLC (hereinafter Healthcare) entered into a contract of sale in May 2005 whereby plaintiff agreed to sell its residential health facility to Healthcare. Under the terms of the contract, plaintiff's accounts receivable were not included in the sale and Healthcare was obligated to engage in ongoing collection efforts and to pay plaintiff the amounts collected. The sale closed in December 2006 and, at Healthcare's request, the real property on which the facility was located was deeded to defendant Leatherstocking Realty Holdings, LLC (hereinafter Realty). Healthcare then operated the facility under a long-term lease from Realty. In March 2009, when a dispute arose over the amounts collected and owed by Healthcare for plaintiff's accounts receivable, plaintiff and Healthcare entered into an agreement whereby Healthcare agreed to pay plaintiff $818,846.69 in monthly installments. After Healthcare allegedly failed to make 18 of the required monthly payments, plaintiff commenced this action in January 2012 asserting causes of action for breach of contract, unjust enrichment and fraud against both Healthcare and Realty. Defendants then moved pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the complaint against Realty in its entirety and dismiss all causes of action against Healthcare except for so much of the breach of contract cause of action as is based upon the March 2009 agreement. Supreme Court granted the motion as to Realty and partially granted the motion as to Healthcare by dismissing the claim against it for unjust enrichment. Plaintiff appeals and Healthcare cross-appeals.

There is no merit to Healthcare's contention that the cause of action alleging its breach of the contract of sale is time-barred. A cause of action for breach of contract accrues at the time of the breach (see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]; John J. Kassner & Co. v City of New York, 46 NY2d 544, 550 [1979]). Here, the money allegedly owed by Healthcare for the accounts receivable did not become due and,

thus, the breach did not occur until after the closing, which occurred in December 2006. As this action was commenced less than six years later, in January 2012, the cause of action for breach of contract is timely and the motion to dismiss that claim against Healthcare was properly denied (see CPLR 213 [2]; *Glynos v Dorizas*, 106 AD3d 480, 481 [2013]; *Meadowbrook Farms Homeowners Assn., Inc. v JZG Resources, Inc.*, 105 AD3d 820, 822 [2013], *lv dismissed* 21 NY3d 1024 [2013]).

We agree, however, with defendants' argument that the motion to dismiss the breach of contract action against Realty was properly granted as Realty was not a party to either the 2005 contract of sale or the 2009 agreement (see *Birch v McGhee*, 79 AD3d 1296, 1297 [2010]; *Won's Cards v Samsondale/Haverstraw Equities*, 165 AD2d 157, 162 [1991]; see also *Pacific Carlton Dev. Corp. v 752 Pac., LLC*, 62 AD3d 677, 678 [2009]). The documentary evidence in the record refutes plaintiff's allegation that Healthcare assigned the contract of sale to Realty and conclusively establishes that plaintiff and Healthcare were the only parties to either agreement (see *Kopelowitz & Co., Inc. v Mann*, 83 AD3d 793, 797 [2011]).

As for the unjust enrichment cause of action, plaintiff does not challenge its dismissal against Healthcare, arguing only that sufficient facts have been alleged to sustain the claim against Realty. We agree. The elements of an unjust enrichment claim are "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011] [internal quotation marks and citation omitted]; see *Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516 [2012]). In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), we will liberally construe the pleadings, deem the allegations to be true and grant the plaintiff the benefit of every possible inference (see *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Accepting plaintiff's allegation that Realty is so enmeshed and intertwined with Healthcare that the two should be treated as a single entity, the complaint adequately states a claim to hold Realty liable for unjustly withholding the payments due for the accounts receivable (see *ARB Upstate Communications LLC v R.J. Reuter, L.L.C.*, 93 AD3d 929, 933-934 [2012]). Nor is the unjust enrichment claim time-barred. It accrued at the time the accounts receivable were due, just as the breach of contract cause of action did, less than six years before the commencement of this action (see *Maya NY, LLC v Hagler*, 106 AD3d 583,

585 [2013]; *Davis v CornerStone Tel. Co., LLC*, 61 AD3d 1315, 1316 [2009]).

We reach a different conclusion, however, with respect to the timeliness of the fraud cause of action. Plaintiff alleges that it was induced to enter into the 2005 contract of sale by defendants' knowing misrepresentations and their concealed intention to withhold the accounts receivable. The statute of limitations for a fraud claim is the greater of six years after accrual or two years from when it could have been discovered with reasonable diligence (*see* CPLR 213 [8]; *US Bank N.A. v Gestetner*, 103 AD3d 962, 963 [2013]; *McCormick v Favreau*, 82 AD3d 1537, 1539 [2011], *lv denied* 17 NY3d 712 [2011]). Inasmuch as plaintiff's fraud cause of action relates solely to the execution of the contract of sale in 2005, it is barred by the six-year statute of limitations. Even assuming that the alleged fraud could not have been detected with reasonable diligence until the 2009 agreement, it is also barred by the two-year statute of limitations for discovery-based claims (*see Giarratano v Silver*, 46 AD3d 1053, 1056 [2007]; *County of Ulster v Highland Fire Dist.*, 29 AD3d 1112, 1115 [2006], *lv denied* 7 NY3d 710 [2006]).

Stein, McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by (1) reversing so much thereof as granted defendants' motion to dismiss the unjust enrichment cause of action against defendant Leatherstocking Realty Holdings, LLC and (2) reversing so much thereof as denied defendants' motion to dismiss the fraud cause of action against defendant Leatherstocking Healthcare, LLC; motion denied as to the unjust enrichment cause of action against Leatherstocking Realty Holdings and motion granted as to the fraud cause of action and that cause of action dismissed against Leatherstocking Healthcare; and, as so modified, affirmed.