■ STATE OF NEW YORK WORKERS' COMPENSATION BOARD, as Administrator of the Workers' Compensation Law and Attendant Regulations, and as Successor in Interest to the HEALTH-CARE FACILITIES WORKERS' COMPENSATION TRUST, Appellant-Respondent, v CATHY MADDEN et al., Respondents-Appellants, et al.,Defendants. [989 NYS2d 156]—

Garry, J. Cross appeals from an order of the Supreme Court (Platkin, J.), entered March 13, 2013 in Albany County, which

partially granted certain defendants' motions to dismiss the complaint against them.

The New York Healthcare Facilities Workers' Compensation Trust, a group self-insured trust, was formed in 1996 to provide mandated workers' compensation coverage to employees of trust members (*see* Workers' Compensation Law § 50 [3-a]; 12 NYCRR 317.2 [i]; 317.3). Hamilton Wharton Group (hereinafter HWG), the trust's group administrator, contracted with defendant Berenson & Company, LLP for auditing services, defendant Lorette Belgraier for accounting services, and defendant Steven Glaser to serve as the trust's counsel. In 2006, plaintiff determined that the trust was insolvent and assumed its administration (*see* 12 NYCRR 317.20). Thereafter, plaintiff obtained a forensic audit and a deficit reconstruction revealing that the trust had an accumulated deficit of over $30 million.

In May 2011, plaintiff commenced this action against, among others, Berenson, Belgraier, Glaser (hereinafter collectively referred to as the professional defendants) and 12 former trustees, seeking to recover damages for, among other things, breach of fiduciary duty, breach of contract, and common-law indemnification. The complaint asserts that, because of defendants' failures, plaintiff was required by the Workers' Compensation Law to assume administration of the trust, pay administrative expenses and workers' compensation claims, and indemnify the trust for losses in the amount of the deficit allegedly resulting from defendants' acts and omissions. Some of the former trustees (hereinafter collectively referred to as the trustee defendants) and the professional defendants each moved pre-answer to dismiss the complaint. Supreme Court partially granted the motions by, among other things, dismissing plaintiff's common-law indemnification claims. Plaintiff appeals, and the professional defendants and trustee defendants cross-appeal.

Plaintiff first challenges the dismissal of its common-law indemnification claims. As relevant here, common-law indemnification is an equitable remedy that avoids unfairness by shifting losses arising from an obligor's discharge of a joint duty when failure to do so would result in unjust enrichment (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374-375 [2011]). A contract to reimburse or indemnify is implied where a plaintiff has discharged a duty which is duly owed, but which, as between the plaintiff and another, in fairness should have been discharged by the other (*see McDermott v City of New York*, 50 NY2d 211, 217 [1980]; *Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc.*, 106 AD3d 1255, 1258 [2013]; *Germantown Cent. School Dist. v Clark, Clark, Millis &*

*Gilson*, 294 AD2d 93, 98 n 2 [2002], *affd* 100 NY2d 202 [2003]). Such an implied obligation "may arise from contractual relations or from the status of the parties as a matter of law, or it may be imposed by statute" (*Sea Ins. Co. v U.S. Fire Ins. Co.*, 71 AD2d 51, 53-54 [1979], *lv denied* 49 NY2d 702 [1980] [internal quotation marks and citation omitted]). Here, plaintiff contends that it is entitled to indemnification based upon its status as successor in interest to the trust and, alternatively, as the governmental entity statutorily charged with enforcement of the Workers' Compensation Law.

We agree with Supreme Court that plaintiff is not entitled to indemnification based upon its role as successor in interest to the trust. As the successor, plaintiff stands in the shoes of the trust, but, like an assignee, does not obtain any greater rights than those originally possessed; accordingly, plaintiff is only entitled to indemnification on this basis if the trust would have had such a claim (*compare Matter of Quail Aero Serv.*, 300 AD2d 800, 802 n [2002]). Here, the complaint does not allege that the trust and defendants had common duties to third parties that were discharged by the trust, but should have been discharged by defendants (*compare State of New York v Stewart's Ice Cream Co.*, 64 NY2d 83, 88 [1984]; *Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc.*, 106 AD3d at 1258-1259). Instead, the gravamen of the claim is that defendants breached contractual and fiduciary duties that were owed, not to third parties, but to the trust—and, by extension, to plaintiff (*see Germantown Cent. School Dist. v Clark, Clark, Millis & Gilson*, 294 AD2d at 99; *see also Bunker v Bunker*, 80 AD2d 817, 817-818 [1981]). Thus, plaintiff's claims against defendants arising from its role as successor in interest are direct, and do not sound in common-law indemnification.

We likewise agree, in part, with Supreme Court's dismissal of plaintiff's alternative claim for indemnification arising from its role as the governmental agency charged with administration of the Workers' Compensation Law. Relative to the professional defendants, plaintiff does not claim that they had any duty in common with plaintiff's statutory obligation to maintain the trust's solvency; instead, the complaint alleges that the professional defendants owed duties to the trust to provide professional auditing, accounting and legal services. Accordingly, plaintiff failed to state a cause of action in common-law indemnification against these defendants (*see HANYS Servs. v Empire Blue Cross & Blue Shield*, 292 AD2d 61, 66 [2002], *lv denied* 98 NY2d 612 [2002]; *see also Lovino, Inc. v Lavallee Law Offs.*, 96 AD3d 909, 910 [2012]).

We reach a different result as to the trustee defendants. Plaintiff, by virtue of the Workers' Compensation Law and its enabling regulations (*see* Workers' Compensation Law § 50-a; 12 NYCRR 317.9, 317.20), and the trustee defendants, by virtue of the trust agreement, amendments and bylaws, owed a common duty to the covered employees to ensure that the trust maintained adequate reserves such that its assets would cover its liabilities (*see Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc.*, 106 AD3d at 1258-1259). Plaintiff's statutory and regulatory role requires it to assume the administration of insolvent group self-insured trusts and to continue to pay benefits to covered employees (*see* 12 NYCRR 317.20). Plaintiff claims that, as breaches by the trustee defendants allegedly contributed to the trust's insolvency, they should, in fairness, cover the costs that plaintiff incurred in carrying out these obligations. Viewing the complaint liberally and accepting its allegations as true (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 [2011]), plaintiff's claim for common-law indemnification as against the trustee defendants and based upon plaintiff's governmental role should not have been dismissed (*compare State of New York v Stewart's Ice Cream Co.*, 64 NY2d at 88; *HANYS Servs. v Empire Blue Cross & Blue Shield*, 292 AD2d at 66).

Turning to the cross appeals, the trustee defendants challenge Supreme Court's failure to dismiss the breach of contract claim against them in its entirety. The court dismissed this claim as time-barred insofar as it addressed alleged breaches that occurred before May 2, 2005, but permitted claims arising thereafter to continue. The trustee defendants argue that, as the complaint does not allege any specific breaches of contract occurring on or after May 2, 2005, no such claims exist. However, the complaint does allege that, on unspecified dates, the trustee defendants breached obligations, among other things, to perform duties under the trust agreement, oversee trust operations, hold regular meetings, and inform board members of the trust's financial status, that they failed to take prompt, adequate actions to address the deficit, and that these and other acts and omissions contributed to the underfunding of the trust. Liberally construed, these allegations assert that the breaches continued from the time the trust was formed until July 31, 2006, when plaintiff assumed its administration, and were ongoing throughout each trustee defendant's term of service. Accordingly, the breach of contract cause of action is timely to the extent that it addresses breaches occurring after May 2, 2005, i.e., within the six-year statutory limitations period (*see* CPLR 213 [2]).

Defendant Daniel Muskin,[1] one of the trustee defendants, alleges that the breach of contract claim against him should have been dismissed as time-barred based upon documentary evidence (see CPLR 3211 [a] [1]). This contention is based upon records that Muskin obtained from plaintiff pursuant to a Freedom of Information Law (hereinafter FOIL) request, indicating that he was a trustee from May 2002 until either February 2003 or July 2003, and that he wrote a resignation letter to HWG in February 2003. However, in opposition, plaintiff submitted a March 2006 letter in which HWG notified plaintiff of the appointment of a new trustee named Daniel Muskin. Thus, the documentary evidence fails to "conclusively establish[ ]" that Muskin was no longer a trustee as of May 5, 2005 (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see State Farm Fire & Cas. Co. v Main Bros. Oil Co., 101 AD3d 1575, 1576-1577 [2012]).

Next, trustee defendants Cathy Madden and Linda Villano contend that the breach of contract claim against them is time-barred in that the complaint allegedly concedes that their tenure as trustees ended in 1998. The complaint alleges that Madden acted as secretary/treasurer of the board of trustees from May 1997 through June 1998, and that Villano acted as chairperson of the board from May 1997 through 1998. However, this establishes only the dates during which these defendants acted as officers; it does not reveal that they did not continue to serve as trustees after 1998. Notably, the FOIL documents submitted by Muskin indicate that they served from July 1997 to an "unknown" date. Accordingly, Supreme Court properly refused to dismiss the breach of contract claim against Madden and Villano as untimely at this juncture (see generally Delaware County v Leatherstocking Healthcare, LLC, 110 AD3d 1211, 1212-1213 [2013]).[2]

Next, Glaser—the trust's former counsel—contends that the unjust enrichment claim against him should have been dismissed in its entirety. The challenged cause of action seeks the return of legal fees paid to Glaser by the trust, alleging, among other things, that Glaser had an attorney-client relationship with HWG and its principal before he was retained to represent the trust, that Glaser did not disclose this prior representation to

---

1. Muskin's name erroneously appears in the complaint as "Mushkin."

2. The trustee defendants raise this argument on appeal on Villano's behalf, although she is not named in their notice of cross appeal. Given our determination, we need not decide whether affirmative relief for Villano is necessary "to accord full relief to a party who has appealed" (Hecht v City of New York, 60 NY2d 57, 60 [1983]).

the trust, that Glaser thereafter continued to perform legal services for HWG and the principal, and that he was paid from trust funds for these services. Supreme Court found that, to the extent that this claim relied upon alleged conflicts of interest arising from the multiple representation, it sounded in legal malpractice and was time-barred. However, to the extent that the claim sought to recover fees paid by the trust for legal services that had allegedly been rendered to HWG and/or its principal, the court found that plaintiff had stated a claim for breach of an express contract. Thus, the court converted that portion of the unjust enrichment claim to one for breach of contract and permitted the claim to survive with respect to the period on and after May 2, 2005. We reject Glaser's assertion that the surviving portion of the cause of action is a disguised professional malpractice claim subject to a three-year statute of limitations, as it does not allege that Glaser's professional services were negligently performed, but instead alleges a breach of the contract between the trust and Glaser in that the trust paid for services that Glaser did not render to it. Accordingly, that aspect of the claim is timely (*see New York State Workers' Compensation Bd. v SGRisk, LLC*, 116 AD3d 1148, 1151-1152 [2014]; *see also Natural Organics Inc. v Anderson Kill & Olick, P.C.*, 67 AD3d 541, 542 [2009], *lv dismissed* 14 NY3d 881 [2010]; *Henry v Brenner*, 271 AD2d 647, 648 [2000]).

Supreme Court did not err in partially denying Berenson's motion to dismiss the fraud claim against it. In addition to the fraud claim and the previously-discussed common-law indemnification claim, plaintiff asserted claims against Berenson for breach of contract, breach of fiduciary duty, and aiding and abetting breaches of fiduciary duty by the trustees. Supreme Court found that these claims were subject to the three-year statute of limitations applicable to malpractice claims (*see* CPLR 214 [6]) and dismissed them as time-barred, and partially dismissed the fraud claim on this basis, to the extent that it challenged Berenson's actions under applicable professional standards or asserted that it was influenced by conflicts of interest. However, insofar as the fraud claim alleged that Berenson had knowingly participated in an intentional scheme to defraud the trust and its members by misrepresenting its financial condition, the court found it timely under the statute of limitations applicable to fraud (*see* CPLR 213 [8]). Berenson claims that the court erred in this respect, contending that this cause of action accrued more than six years before the action was filed, when Berenson allegedly failed to issue a "qualified or going-concern letter" in 2000. We disagree. In addition to referencing this alleged failure, the complaint further asserts

that, from 1997 to 2005, Berenson "continually" misrepresented the trust's true financial condition to plaintiff and, throughout its dealings with the trust, made "continuous and ongoing" misrepresentations of the trust's financial condition. As augmented by plaintiff's affidavits submitted in opposition to the motion to dismiss (*see Lazic v Currier*, 69 AD3d 1213, 1214 [2010]), Berenson allegedly prepared annual audited financial statements for the trust from 1997 to 2005, and submitted the last of these statements to plaintiff in April 2006. Treating the claim of misrepresentation as true for the purposes of this motion, the cause of action is timely in that it alleges actions occurring less than six years before the action was filed (*see Dowlings, Inc. v Homestead Dairies, Inc.*, 88 AD3d 1226, 1228 [2011]; *compare Delaware County v Leatherstocking Healthcare, LLC*, 110 AD3d at 1214).

Next, Belgraier contends that Supreme Court erred in failing to dismiss the portion of the breach of contract claim against her that sought to recover fees paid for her professional accounting services. As with the other professional defendants, the court dismissed plaintiff's claims against Belgraier as time-barred to the extent that, by alleging that she had failed to render competent accounting services, they essentially constituted malpractice claims. However, the court permitted the breach of contract claim to proceed insofar as it alleged that she had failed to perform accounting duties for which she was paid, and was paid with trust funds for services that were not performed or were rendered to others. We agree with the court that this aspect of the complaint sufficiently states a claim for breach of contract by alleging that the trust was an intended third-party beneficiary of a contract between Belgraier and HWG, by which Belgraier was to provide services for the benefit of the trust and its members, and that—knowing that her services were intended for the trust's benefit—Belgraier breached the contract (*see Saratoga Schenectady Gastroenterology Assoc., P.C. v Bette & Cring, LLC*, 83 AD3d 1256, 1257-1258 [2011]; *compare IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d 1355, 1357 [2008], *lv denied* 11 NY3d 706 [2008]). This aspect of the cause of action is not, as Belgraier contends, a disguised professional malpractice claim and, as it alleges that Belgraier was paid for her services through 2006, is not time-barred (*see* CPLR 213 [2]; *Delaware County v Leatherstocking Healthcare, LLC*, 110 AD3d at 1213).

Finally, we reject Belgraier's contention that the breach of contract claim against her should have been dismissed based on documentary evidence (*see* CPLR 3211 [a] [1]). In this regard,

Belgraier submitted her own affidavit refuting plaintiff's allegations; however, such an affidavit does not constitute documentary evidence upon which a proponent of dismissal pursuant to CPLR 3211 (a) (1) may rely (*see State Farm Fire & Cas. Co. v Main Bros. Oil Co.*, 101 AD3d 1575, 1577 n 3 [2012]; *Crepin v Fogarty*, 59 AD3d 837, 838 [2009]). Even assuming that the invoices and other business records submitted with Belgraier's affidavit could be considered documentary evidence within the meaning of the statute, they do not utterly refute plaintiff's claim that she was paid for services that she did not perform or that she performed for others (*see Mason v First Cent. Natl. Life Ins. Co. of N.Y.*, 86 AD3d 854, 855 [2011]; *Lopes v Bain*, 82 AD3d 1553, 1554-1555 [2011]). Accordingly, the motion to dismiss on this basis was properly denied.

Lahtinen, J.P., McCarthy, Lynch and Clark, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted (1) the motion of defendants Linda Villano, Cathy Madden, Phyllis Ettinger, Patricia Huber, Elizabeth Rosenberg, Sam Harte, Timothy Ferguson and Lynn Edmonds to dismiss the common-law indemnification claim asserted against them and (2) the motion of defendant Daniel Muskin to dismiss the common-law indemnification claim against him; said motions denied to the extent asserted by plaintiff in its governmental capacity as the entity charged with the administration of the Workers' Compensation Law, and matter remitted to the Supreme Court to permit defendants to serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.