■ TENZER, GREENBLATT, FALLON & KAPLAN, Appellant, v JANE V. ELLENBERG, Respondent. [604 NYS2d 947] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered November 4, 1992, which denied plaintiff's motion to dismiss defendant's counterclaim for legal malpractice and stayed plaintiff's action for legal fees pending determination of the Dutchess County action out of which this action and counterclaim arise, unanimously affirmed, without costs.

Plaintiff's motion to dismiss defendant's counterclaim for legal malpractice pursuant to CPLR 3211 (a) (7) was properly denied since a motion to dismiss a pleading will fail, if, from its four corners, factual allegations are discerned which taken together manifest any cause of action cognizable at law *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275). Plaintiff's contention that defendant has failed to establish the damage element of her claim for legal malpractice must be rejected since defendant is not obliged to show, at this stage of the pleadings, that she actually sustained damages. The counterclaim is sufficient since it contains allegations from which damages attributable to plaintiff's failure to renew the lis pendens might be reasonably inferred *(see, Daukas v Shearson, Hammill & Co.,* 26 AD2d 526). Deeming defendant's allegations true, as we must, for purposes of this motion *(Foley v D'Agostino,* 21 AD2d 60), plaintiff's failure to renew the lis pendens impaired defendant's ability to exercise an option to purchase the property upon advantageous terms, and, at a minimum, defendant has been damaged because she is faced with additional litigation and expenses.

Further, it was not an improvident exercise of discretion to stay plaintiff's action at this point, pending determination of the Dutchess County action, since the doctrine of collateral

estoppel may bar defendant from asserting legal malpractice in the event that plaintiff succeeds on its claim for legal fees (see, Grace & Co. v Tunstead, Schechter & Torre, 186 AD2d 15, 19).

Nevertheless, we are cognizant of the fact that defendant, as plaintiff therein, has concededly failed to diligently prosecute the Dutchess County action, which has apparently remained dormant for several years. Recognizing that the stay imposed by the IAS Court may effectively and inequitably block resolution of plaintiff's claim for legal fees if the Dutchess County action continues unresolved, this disposition is without prejudice to plaintiff's request for further relief in the nature of a motion to consolidate the two actions, either in New York or Dutchess County Supreme Court under CPLR 602 (b), or a motion to vacate the stay on the ground that defendant has abandoned the Dutchess County action. Concur—Carro, J. P., Rosenberger, Kassal and Rubin, JJ.