■ IGEN, INC., Respondent, v JOHN P. WHITE et al., Appellants. (And a Third-Party Action.) [672 NYS2d 867] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about February 13, 1997, which denied defendants' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint. Appeal from order, same court and Justice, entered November 6, 1997, which denied defendants' motion for reargument, unanimously dismissed, without costs, as nonappealable.

Plaintiff, the inventor of a technique for producing mono-

clonal antibodies, seeks to wrest from its former counsel something that, thus far, has eluded it in the marketplace—a monetary return from its patented process.

This action for attorney malpractice arises out of the asserted failure of defendant John P. White, a partner in defendant Cooper & Dunham, to file a patent application on behalf of plaintiff in Europe before the deadline of August 29, 1985. The substance of the complaint dated February 27, 1991 is that defendants failed to advise plaintiff of the consequences of not filing the application, resulting in "the abandonment of all patent rights * * * in those countries recognizing the European Patent Office." The complaint asserts that plaintiff had been "informed that the aforesaid patent was likely to be extremely valuable in the future" and seeks damages in the amount of $150,000,000.

Defendant moved to dismiss the complaint. In its moving papers, as on appeal, the law firm alleges that "plaintiff has not incurred any damage by virtue of the purported malpractice of defendants." Dismissal is sought on the ground that "actual damage from a lawyer's malpractice is an essential element of a legal malpractice claim."

Confounding plaintiff's recovery effort is that, even at this late stage of the proceedings, the process asserted to be worth $150,000,000 in its 1991 complaint has not been demonstrated to have any commercial value. Plaintiff's argument on appeal proceeds from the presumption that it has sustained damage, contending only that it should be entitled to establish its right to recover "future damages inflicted as a result of the commission of a tort." The issue, as plaintiff frames it, is the value to be placed on the process should it become commercially viable at some point in the future for the purpose of determining its damages. The issue plaintiff so adroitly avoids confronting, however, is the value of the patent on the date its malpractice action was commenced.

The affidavit of plaintiff's expert, Anthony R. Rees, dated September 9, 1996 states, "While commercial products are still in the research and development stage, their commercial value will be realized in the next five to ten years." Plaintiff's brief concedes that, "in December, 1997, an announcement was made of the first *commercial* catalytic antibody by Drs. Richard Lerner and Carlos F. Barbas" (emphasis in original). The asserted basis for recovery against defendants is that "plaintiff's patent in Europe would have lasted for medicinal products until 2009 and other products to 2004" and "it follows that plaintiff would have been able to reap these anticipated royalties." What

plaintiff's argument overlooks is that it has sustained no injury unless there has been an infringement against which its patent would have afforded a right of recovery (35 USC § 271 [a]; *Carbice Corp. v American Patents Corp.*, 283 US 27, 33 [1931] ["(i)nfringement, whether direct or contributory, is essentially a tort, and implies invasion of some right of the patentee"]; *Everest & Jennings v American Motorists Ins. Co.*, 23 F3d 226, 229 [9th Cir 1994] ["the statutory definition of patent infringement refers only to the making, using, or selling of a product"]). Moreover, given the lack of any present commercial value, plaintiff's expert's conclusion concerning the eventual value of its process is no more than idle speculation (*Trademark Research Corp. v Maxwell Online*, 995 F2d 326, 333 [2d Cir 1993] [neither historical basis nor competitor's experience available to substantiate claimed damages]; *Kenford Co. v County of Erie*, 67 NY2d 257, 261 ["alleged loss must be capable of proof with reasonable certainty"]; *Zarin v Reid & Priest*, 184 AD2d 385, 387-388 [ascertainable damages required to make out claim of legal malpractice]).

While conceding in its moving papers, submitted in 1996, that its patent presently lacked any commercial value, plaintiff nevertheless seeks to recover from defendants the amount its process might be worth by the year 2004 or 2009 on the basis of an act of attorney malpractice alleged to have been committed in 1985. The magnitude of the sum sought to be recovered in this litigation is apparently exceeded only by the duration by which plaintiff would protract the Statute of Limitations for recovery in negligence against an attorney.

In any event, it is settled that actual damages are an essential element of a negligence action. As stated by one leading commentator: "Since the action for negligence developed chiefly out of the old form of action on the case, it retained the rule of that action, that proof of damage was an essential part of the plaintiff's case. Nominal damages, to vindicate a technical right, cannot be recovered in a negligence action, where no actual loss has occurred. The threat of future harm, not yet realized, is not enough" (Prosser and Keeton, Torts § 30, at 165 [5th ed 1984]). Recovery for legal malpractice requires proof of three essential elements: "(1) the negligence of the attorney; (2) that the negligence was the proximate cause of the loss sustained; and (3) proof of actual damages" (*Mendoza v Schlossman*, 87 AD2d 606, 607; *see also, Lauer v Rapp*, 190 AD2d 778). Plaintiff's briefs are devoted to the contention that it should be permitted to establish the amount of future damages

upon trial. Plaintiff does not contend that any actual harm had been sustained as of the date its action was commenced and none can be discerned from the record. In the nearly 13 years since the date of the alleged malpractice and seven years since the filing of the complaint, plaintiff can point to no actual damage that has been incurred.

Accordingly, an essential element of the tort of negligence is lacking, and the complaint must be dismissed for failure to state a cause of action. Concur—Rosenberger, J. P., Nardelli, Wallach, Rubin and Mazzarelli, JJ.