■ SAMUEL SONNENSCHINE et al., Appellants, v PAUL GIACOMO, Respondent, et al., Defendant. [744 NYS2d 396] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered April 18, 2001, which, in an action for legal malpractice, granted defendant-respondent's motion to dismiss the complaint for failure to state a cause of action, and denied plaintiff's cross motion to serve an amended complaint, unanimously affirmed, with costs.

Plaintiffs allege that they would have succeeded in their defense of the underlying action but for defendants' malpractice that caused their answer to be stricken in 1997, some 5½ years after the underlying action was commenced (*see, Sandcham Realty Corp. v Sonnenschine*, 246 AD2d 477). While the complaint is replete with allegations describing defendants' negligence in the underlying action, it says nothing concerning the merits of plaintiffs' defense. That deficiency warrants dismissal of the complaint for failure to state a cause of action, there being no allegations that but for the alleged malpractice plaintiffs would have prevailed in the underlying action, or at least sustained a smaller judgment against them (*see, Hutt v Kanterman & Taub*, 280 AD2d 379, *lv denied* 96 NY2d 713). Nor do plaintiffs show good ground for leave to plead again. The motion to dismiss shows that the underlying action was for breach of 1990 contracts that clearly and unambiguously required plaintiffs herein to pay the underlying plaintiff

$600,000 out of capital contributions to be collected from investors in certain limited partnerships in which plaintiffs were the principals; that plaintiffs paid only $175,000 on these contracts; and that the limited partnerships' tax returns for the years 1991-1995 show that capital contributions totaling $1,969,022 were made subsequent to the 1990 contracts. In opposing the motion to dismiss and in support of their cross motion for leave to amend the complaint, plaintiffs assert that the capital contributions reflected in the tax returns were "bookkeeping errors" that were reclassified as loans on the partnerships' books in 1996 or 1997 and reflected as such in partnership tax returns for 1996. The motion court aptly characterized this argument as "merely a *post litem motam* allegation," tailored for this action, and inherently incredible absent any indication that amended tax returns correcting five years of incorrect returns were ever filed (*see, Mark Hampton, Inc. v Bergreen*, 173 AD2d 220, *lv denied* 80 NY2d 788). Plaintiffs' remaining causes of action for breach of contract and fiduciary duty and intentional and negligent misrepresentation allege the same operative facts as the cause of action for legal malpractice, and, accordingly, were also properly dismissed for failure to state a cause of action (*see, Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 38-39; *Mecca v Shang*, 258 AD2d 569, *lv dismissed* 95 NY2d 791). Concur—Andrias, J.P., Buckley, Rosenberger, Wallach and Gonzalez, JJ.