■ InKine Pharmaceutical Company, Inc., Appellant, v Henry Coleman, Respondent, et al., Defendant. [759 NYS2d 62]

—Order, Supreme Court, New York County (Sheldon Levy, J.), entered December 28, 2001, which granted defendant Henry Coleman's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), modified, on the law, to the extent of denying the motion with respect to the cause of action for legal malpractice as to all defendants, and said cause reinstated, and otherwise affirmed, without costs.

Plaintiff's pleading of its legal malpractice cause of action was sufficient to survive the CPLR 3211 (a) (7) motion. The alleged facts, if accepted as true, accorded the benefit of every possible favorable inference, and evaluated only as to whether they fit within any cognizable legal theory, sufficiently state plaintiff's claim that defendants' negligence in failing to timely file the Asian patent on the pharmaceutical product at issue caused the substantial diminution of the value of its worldwide license to manufacture, sell and sublicense the product (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]). Plaintiff "is not obliged to show, at this stage of the pleadings, that [it] actually sustained damages. [It need only plead] allegations from which damages attributable to [defendant's conduct] might be reasonably inferred" (*Tenzer, Greenblatt, Fallon & Kaplan v Ellenberg*, 199 AD2d 45, 45 [1993]).

*IGEN, Inc. v White* (250 AD2d 463 [1998], *lv denied* 92 NY2d 818 [1999]), relied on by defendant, is readily distinguishable from the instant case in that the complaint was dismissed for failure to show actual damages on a motion for summary judgment after the matter had been pending for seven years and discovery had been completed.

The breach of contract and breach of fiduciary duty claims were properly dismissed as duplicative, since they arose from the same facts as the legal malpractice claim and allege similar damages (*Sonnenschine v Giacomo*, 295 AD2d 287 [2002]; *Turk v Angel*, 293 AD2d 284 [2002]). Concur— Mazzarelli, Sullivan, Williams and Gonzalez, JJ.

Tom, J.P., dissents in part in a memorandum as follows: I respectfully dissent in part and would affirm the grant of the motion to dismiss inasmuch as the complaint is, I believe, facially defective.

This legal malpractice complaint sets forth, in relevant part, the following allegations. In February 1997, plaintiff acquired a license granting it the worldwide exclusive rights to sell, manufacture and sublicense Visicol. The complaint does not explain what Visicol is, except that it is a drug. Defendants allegedly represented plaintiff in negotiations with a partner-

ship, ALW Partnership, in this regard. The complaint does not provide further information regarding ALW or what its role was. In April 1997, a patent covering Visicol was issued in the United States to ALW, and an international application corresponding to this patent was filed through the Patent Cooperation Treaty. This is not further explained. Defendants allegedly negotiated and drafted the license and allegedly conducted a due diligence, which allegedly put defendants on notice regarding deadlines for filing foreign national patent applications, and that such filings had not been made. It is not alleged, though, that defendants had any responsibilities in this regard except, it is alleged, that defendants had a duty to disclose this information to plaintiff and, in a concluding paragraph of the complaint, that defendants failed to make the necessary filings. In any event, plaintiff alleges that defendants failed to advise plaintiff regarding patent protection in Europe and Asia, with the result that filings for foreign patent protection were not undertaken before the deadlines passed, and that it learned only later that it did not have patent protection in Europe or Asia. Plaintiff alleges that it did succeed in making an appropriate filing in Europe, but was foreclosed from filing as to Asia. Elsewhere, plaintiff alleges that it lost patent protection in Japan. The connection between the Asian market and Japan is not set forth. Plaintiff alleges that insofar as it is unable to patent Visicol in Asia, its "license is less valuable and InKine will receive substantially less in royalties and advances under the terms of any sub-license agreement." No allegations are offered regarding what Visicol is, whether it has ever been marketed anywhere, whether it has even been manufactured, whether it is, indeed, a commercially viable product, and if so, whether there is any baseline for ascertaining its market, specifically in Asia. Hence, consequential damages resulting from the lack of the patent cannot be ascertained, or even reasonably inferred, on the basis of the complaint. Moreover, no allegations are provided that there even are sublicense agreements; one would expect this also to be a necessary factor for any reliable measure of damages. The complaint alleges only that "absent patent protection, the Visicol sublicense produces about one-half the value if [sic] would have had with patent protection," but absent any explanation for how this can be ascertained, the bald allegation remains entirely conclusory.

It is well established that damages, in general, may not be merely speculative, possible or imaginary, but must be reasonably certain and directly traceable to the defendant's conduct (*see generally Kenford Co. v County of Erie*, 67 NY2d 257 [1986]

[breach of contract action]). In a legal malpractice action, the plaintiff must show that an attorney failed to exercise the ordinary reasonable care and knowledge commonly possessed by a member of the legal profession, and, further, that the attorney's breach of his or her professional duty caused the plaintiff's actual damages (*McCoy v Feinman*, 99 NY2d 295 [2002]). As we have stated, conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action (*Pellegrino v File*, 291 AD2d 60 [2002], *lv denied* 98 NY2d 606 [2002]). Allegations that an expected event might not occur, or might not occur as anticipated, are speculative and conclusory (*Lauer v Rapp*, 190 AD2d 778 [1993]). Although we have also noted that actual damages need not be precisely quantified in the pleadings, at the least, actual damages must be reasonably inferred from the pleadings (*cf. Tenzer, Greenblatt, Fallon & Kaplan v Ellenberg*, 199 AD2d 45 [1993]). Here, actual damages cannot be inferred from the pleadings since there is no allegation that this drug has been marketed anywhere.

Our own case law has recently emphasized the necessity of adequately alleging damages in a complaint claiming losses arising from counsel's failure to file patent applications abroad (*IGEN, Inc. v White*, 250 AD2d 463 [1998], *lv denied* 92 NY2d 818 [1999]). In *IGEN*, we especially noted that the plaintiff's inability to establish any commercial value for the product was fatal to the pleadings, an issue we found that plaintiff had "adroitly avoid[ed]." (*Id.* at 464.) That the plaintiff could not show that it had "sustained [any] injury unless there has been an infringement against which its patent would have afforded a right of recovery." (*Id.* at 465.) Moreover, that complaint could not establish that the product had any present commercial value, so that the plaintiff's estimation regarding eventual value was "no more than idle speculation." (*Id.*) In the present case, plaintiff has not even bothered to quantify estimated future damages, let alone provide some reliable measure of present losses. Insofar as actual damages are an essential element of a negligence or malpractice action, we dismissed the complaint. Notwithstanding some minor factual distinctions between the cases, that principle is especially apt here and no logical basis exists not to apply it.

Under these standards, this complaint is deficient and should be dismissed.