■ FREDDY RIVAS, Respondent, v RAYMOND SCHWARTZBERG & ASSOCIATES, PLLC, Defendant and Third-Party Plaintiff-Appellant. DESENA & KAFER, P.C., et al., Third-Party Defendants-Respondents. [861 NYS2d 313]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered on or about December 27, 2007, which denied defendant's motions to dismiss the complaint and to disqualify plaintiff's attorneys, and granted third-party defendants' motion to dismiss the third-party complaint, unanimously modified, on the law, to dismiss plaintiff's breach of contract cause of action, and otherwise affirmed, without costs.

Plaintiff in this legal malpractice action sufficiently alleged the loss of his personal injury claim based on the expiration of the limitations period as a result of defendant's having commenced the action against the wrong entity, even though there has not been an adverse disposition of the action (*see Tenzer, Greenblatt, Fallon & Kaplan v Ellenberg*, 199 AD2d 45 [1993]). However, plaintiff's breach of contract claim, arising from the same facts and alleging similar damages, should have been dismissed as duplicative (*see InKine Pharm. Co. v Coleman*, 305 AD2d 151, 152 [2003]).

The third-party action for contribution or indemnification was not viable since third-party defendants did not share in defendant's responsibility for plaintiff's alleged loss, not having represented him as defendant's successor until after expiration of the limitations period on the personal injury claim (*see Wilson v Quaranta*, 18 AD3d 324, 326 [2005]). We reject defendant's contention that third-party defendants, first authorized by the bankruptcy court to represent plaintiff's estate after the limitations period had run, were responsible for seeking an order of retention nunc pro tunc assuming arguendo that they could have done so (*see In re Piecuil*, 145 BR 777, 783 [WD NY 1992]; *cf. In re Bennett Funding Group, Inc.*, 213 BR 234, 243 [ND NY 1997]). Defendant's actions and communications with both the trustee and the attorney for the named defendant in the personal injury action showed that he was acting as plaintiff's attorney (*see Wei Cheng Chang v Pi*, 288 AD2d 378, 380 [2001], *lv denied* 99 NY2d 501 [2002]; *see also Pellegrino v Oppenheimer & Co., Inc.*, 49 AD3d 94, 99 [2008]), yet he never sought an or-

der of retention despite being repeatedly advised of the requirement and the need to act expeditiously in light of the imminent running of the statute of limitations.

Disqualification of plaintiff's attorneys based on a claimed conflict of interest was moot in light of the dismissal of the third-party action. Nor was relief warranted under the advocate-witness rule in light of defendant's failure to demonstrate that the attorney testimony was necessary (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 445-446 [1987]).

We have considered defendant's other contentions and find them unavailing. Concur—Lippman, P.J., Tom, Gonzalez, Buckley and Catterson, JJ.