■ PHOENIX ERECTORS, LLC, Appellant, v EDWARD M. FOGARTY, JR., ESQ., et al., Respondents. [935 NYS2d 288]—

Within a four-month period in early 2002, Hera Construction, Inc. (Hera), a general contractor, commenced a New York action against plaintiff, a subcontractor, for breach of a construction contract, and plaintiff commenced a New Jersey action to recover payments under the construction contract from Hera and a surety from whom Hera had obtained a $1.6 million bond to cover the subcontractors' labor and material payments. Plaintiff retained Fogarty, originally as a partner of defendant law firm White & McSpedon and subsequently as a partner of defendant law firm Litchfield Cavo, LLP, to represent it in the New York action. However, in efforts to combine the two actions, Fogarty, inter alia, drafted a stipulation that discontinued the New Jersey action with prejudice, and allowed the surety company to appear in the New York action *only* as a third-party defendant. A jury trial resulted in a verdict in favor of plaintiff on its counterclaim against Hera; a judgment, including interest, was entered in the amount of $194,340.30. However, immediately following the jury verdict, the third-party action was dismissed, since pursuant to CPLR 1007, suits against a third party can only be maintained for contribution or indemnification claims,

neither of which could be properly asserted by plaintiff against the surety company. Subsequently, Hera proved to be judgment proof and plaintiff commenced this action.

The court erred in finding that plaintiff failed to state a cause of action for legal malpractice as against Fogarty. The complaint alleged that Fogarty was negligent in failing to protect and preserve plaintiff's claims against the surety company and that "but for" Fogarty's negligence in drafting the New York and New Jersey stipulations, and his corresponding failure to protect plaintiff's claims against the surety company, plaintiff would have been able to collect on its damages award against Hera (*see Bishop v Maurer*, 33 AD3d 497, 498 [2006], *affd* 9 NY3d 910 [2007]). These allegations met the requirements of a legal malpractice claim inasmuch as they set forth " 'the negligence of the attorney; that the negligence was the proximate cause of the loss sustained; and actual damages' " (*see O'Callaghan v Brunelle*, 84 AD3d 581, 582 [2011], quoting *Leder v Spiegel*, 31 AD3d 266, 267 [2006], *affd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]).

The court properly granted defendant Litchfield Cavo's motion to dismiss, since there was no evidence that Cavo, as superseding counsel, either contributed to the loss or could have done anything to correct the errors of predecessor counsel (*see Waggoner v Caruso*, 68 AD3d 1 [2009], *affd* 14 NY3d 874 [2010]; *Rivas v Raymond Schwartzberg & Assoc., PLLC*, 52 AD3d 401 [2008]).

We have considered plaintiff's remaining contention and find it without merit. Concur—Andrias, J.P., Saxe, Sweeny, Acosta and Manzanet-Daniels, JJ.