*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 19, 2015                517160
_____

JUAN RODRIGUEZ,
                        Appellant,
          v                              MEMORANDUM AND ORDER

JACOBY & MEYERS, LLP, et al.,
                        Respondents.
_____

Calendar Date:  January 5, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                    _____

        Stephen D. Chakwin Jr., New York City, for appellant.

        Finkelstein & Partners, Newburgh (James W. Shuttleworth III
of counsel), for respondents.

                    _____

Egan Jr., J.

        Appeal from an order of the Supreme Court (McGrath, J.),
entered April 5, 2013 in Columbia County, which, upon
reconsideration, among other things, adhered to its prior
decision granting defendants' motion to dismiss the complaint.

        This legal malpractice claim has its origins in a personal
injury action brought by plaintiff against the owner and operator
of the truck that rear-ended plaintiff's vehicle in October 2002
while it was stopped at a traffic light.  Following joinder of
issue in the underlying action, plaintiff discharged his initial
counsel and, in September 2003, retained defendants to represent
his interests therein.  In December 2009, defendants – in the
context of the personal injury action – moved for partial summary
judgment on the issue of liability.  When that motion was denied,
plaintiff discharged defendants and retained new counsel to

represent his interests upon appeal. Appellate counsel's efforts were successful — with the Second Department reversing the underlying order and granting plaintiff's motion for partial summary judgment on the issue of liability (Rodriguez v Ryder Truck, Inc., 91 AD3d 935 [2012]).

Plaintiff thereafter commenced this malpractice action against defendants contending that their delay in moving for summary judgment deprived him of the statutory interest theoretically due on his prospective judgment (see CPLR 5002, 5004; cf. Love v State of New York, 78 NY2d 540, 544-545 [1991]; see generally Rice v Valentine, 75 AD3d 631, 631 [2010]). Defendants then brought a pre-answer motion to dismiss the complaint for failure to state a cause of action, and plaintiff cross-moved for a stay of the malpractice action pending resolution of the damages portion of his claim in the personal injury action. By order dated October 23, 2012, Supreme Court granted defendants' motion and denied plaintiff's cross motion. Plaintiff then moved to reargue contending, among other things, that Supreme Court misapplied the standard of review applicable to a motion to dismiss under CPLR 3211 (a) (7). By order entered April 5, 2013, Supreme Court — although addressing the merits of plaintiff's argument — "denied" the motion to reargue, prompting this appeal.[1]

As a general proposition, "no appeal lies from the denial of a motion to reargue" (Gonzalez v L'Oreal USA, Inc., 92 AD3d 1158, 1160 [2012], lv dismissed 19 NY3d 874 [2012]). Where, however, the court actually addresses the merits of the moving party's motion, we will deem the court to have granted reargument and adhered to its prior decision — notwithstanding language in the order indicating that reargument was denied (see Flisch v Walters, 42 AD3d 682, 683 [2007]; Adderley v State of New York, 35 AD3d 1043, 1043 [2006]; Grasso v Schenectady County Pub. Lib., 30 AD3d 814, 816 n 1 [2006]). Accordingly, Supreme Court's April 2013 order is appealable as of right (see CPLR 5701 [a] [2]

---

[1] Although plaintiff also belatedly filed a notice of appeal from Supreme Court's October 2012 order, this Court granted defendants' motion to dismiss the appeal.

[viii]; <u>Foley v City of New York</u>, 43 AD3d 702, 703 [2007]).

        Turning to the merits, the standard to be applied on a motion to dismiss for failure to state a cause of action is both familiar and well settled — "we must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts fit within any cognizable legal theory" (<u>He v Realty USA</u>, 121 AD3d 1336, 1339 [2014] [internal quotation marks and citations omitted]; <u>see</u> <u>Snyder v Brown Chiari, LLP</u>, 116 AD3d 1116, 1117 [2014]).  That said, the "favorable treatment" accorded to a plaintiff's complaint is not "limitless" (<u>Tenney v Hodgson Russ, LLP</u>, 97 AD3d 1089, 1090 [2012]) and, as such, "conclusory allegations — claims consisting of bare legal conclusions with no factual specificity — are insufficient to survive a motion to dismiss" (<u>Godfrey v Spano</u>, 13 NY3d 358, 373 [2009]; <u>accord</u> <u>Barnes v Hodge</u>, 118 AD3d 633, 633 [2014]; <u>see</u> <u>Wiggins & Kopko, LLP v Masson</u>, 116 AD3d 1130, 1131-1132 [2014]).

        "In order to sustain a claim for legal malpractice, a plaintiff must establish both that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action but for the attorney's negligence" (<u>Leder v Spiegel</u>, 9 NY3d 836, 837 [2007], <u>cert denied sub nom.</u> <u>Spiegel v Rowland</u>, 552 US 1257 [2008] [internal quotation marks and citation omitted]; <u>accord</u> <u>Hyman v Schwartz</u>, 114 AD3d 1110, 1112 [2014], <u>lv dismissed</u> 24 NY3d 930 [2014]; <u>see</u> <u>MacDonald v Guttman</u>, 72 AD3d 1452, 1454-1455 [2010]). Although the parties debate whether the decision to bring a summary judgment motion and/or the timing thereof can give rise to a claim for legal malpractice in the first instance (<u>see e.g.</u> <u>Siracusa v Sager</u>, 105 AD3d 937, 938-939 [2013]; <u>Bua v Purcell & Ingrao, P.C.</u>, 99 AD3d 843, 846-847 [2012], <u>lv denied</u> 20 NY3d 857 [2013]; <u>Hand v Silberman</u>, 15 AD3d 167, 167 [2005], <u>lv denied</u> 5 NY3d 707 [2005]; <u>Palazzolo v Herrick, Feinstein, LLP</u>, 298 AD2d 372, 372-373 [2002]) and, further, whether plaintiff's damages — in the absence of a final judgment in the underlying personal injury action — are speculative, these issues need not detain us.

        To survive defendants' motion to dismiss, it was incumbent upon plaintiff to, among other things, "plead specific factual allegations establishing that but for counsel's deficient representation, there would have been a more favorable outcome to the underlying matter" (Dweck Law Firm v Mann, 283 AD2d 292, 293 [2001]; see Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 758 [2014]; Tortura v Sullivan Papain Block McGrath & Canavo, P.C., 21 AD3d 1082, 1083 [2005], lv denied 6 NY3d 701 [2005]), i.e., an earlier — and successful — award of partial summary judgment on the issue of liability. This plaintiff failed to do. Noticeably absent from both plaintiff's complaint and the bills of particulars submitted in opposition to defendants' motion to dismiss are any factual allegations to support plaintiff's claim that defendants' failure to file a motion for partial summary judgment on his behalf prior to December 2009 constituted legal malpractice. Specifically, plaintiff failed to delineate, among other things, the general course and defendants' overall management of the personal injury action, including when discovery was undertaken and/or completed or whether there were ongoing settlement discussions prior to the filing of the underlying motion. Rather, plaintiff simply alleged — in an entirely conclusory fashion — that "the [subject] motion could have been made at any time once issue was joined" in April 2003. While this theoretically is true (see CPLR 3212 [a]), absent detailed factual allegations documenting the efforts undertaken by defendants over the course of the ensuing six years and the manner in which the litigation progressed, plaintiff simply cannot establish that, had the motion for partial summary judgment been brought prior to December 2009, it would have been successful (compare Fielding v Kupferman, 65 AD3d 437, 441-442 2009]). This absence of proof is fatal to plaintiff's malpractice claim and, therefore, Supreme Court properly granted defendants' motion to dismiss upon this ground.

        Lynch and Clark, JJ., concur.

McCarthy, J.P. (dissenting).

The standard on a motion to dismiss for failure to state a cause of action, as the majority correctly states, requires courts to "afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts fit within any cognizable legal theory" (He v Realty USA, 121 AD3d 1336, 1339 [2014] [internal quotation marks and citations omitted]).  Under that standard, the complaint here was sufficient.  I, therefore, respectfully dissent.

While conclusory allegations containing no facts, or just legal statements, are insufficient to survive such a motion (see Godfrey v Spano, 13 NY3d 358, 373 [2009]), complaints need not include all of the facts and details supporting a cause of action (see CPLR 3013).  Although the complaint here is sparse on factual details, it alleges that plaintiff retained defendants in September 2003 for his personal injury action, after joinder of issue, and that, in December 2009, defendant moved for partial summary judgment on liability based on "long-established case law" regarding rear-end collisions.  The motion was ultimately successful.  Plaintiff also alleged that the liability issue presented in the summary judgment motion could have been made in 2003, and the failure to make the motion earlier — which was allegedly due to defendants' negligence and failure to exercise the care, skill and diligence typically possessed by members of the legal community — deprived plaintiff of prejudgment interest that is calculated from the determination of liability.  The complaint further alleges that "[d]efendants' negligence was a proximate cause of plaintiff's loss of over six years of 9% interest on the judgment in the underlying case."

The majority correctly states that the complaint does not contain any details concerning defendants' efforts during the six years, which could establish that the motion would have been successful earlier.  But plaintiff may not possess such facts or information and may only learn them through the discovery process in this action.  Plaintiff is not required to prove his cause of action at this procedural stage; he is only required to make allegations as to each element of a cause of action that he will

later attempt to prove (see Tenzer, Greenblatt, Fallon & Kaplan v Ellenberg, 199 AD2d 45, 45 [1993]).  Plaintiff alleged that the motion could have been made earlier and defendants' failure to make the motion in a timely fashion was improper under the standards of the profession.  These allegations will need to be fleshed out and proven at a later stage of the action, but we are only at the pleading stage.  Even if plaintiff can never prove that defendants should have made the motion in September 2003, the complaint alleges that defendants had no valid reason for failing to make the motion in a timely fashion, which could be liberally construed to include a date later than 2003 but well before the 2009 date when defendants eventually made the motion.  A plaintiff may not merely allege legal conclusions, but in this legal malpractice claim plaintiff was permitted to rely on legal statements concerning the right to prejudgment interest and the logical conclusion that an earlier determination of liability would permit a greater accrual of interest (i.e., but for the delay in filing the motion, plaintiff would ultimately have collected a larger amount in interest).  It may have been preferable for plaintiff to include more information in the complaint, and he may or may not be able to eventually establish that defendants' actions constituted legal malpractice.  For purposes of this motion to dismiss for failure to state a cause of action, however, the complaint addressed each element, so defendants' motion should have been denied (see Rivas v Raymond Schwartzberg & Assoc., PLLC, 52 AD3d 401, 401 [2008]; Gelfand v Oliver, 29 AD3d 736, 737 [2006]; Tenzer, Greenblatt, Fallon & Kaplan v Ellenberg, 199 AD2d at 45).


        ORDERED that the order is affirmed, with costs.



                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court