McCarthy, J.P.
(dissenting). The standard on a motion to dismiss for failure to state a cause of action, as the majority correctly states, requires courts to “afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory” (He v Realty USA, 121 AD3d 1336, 1339 [2014] [internal quotation marks and citation omitted]). Under that standard, the complaint here was sufficient. I, therefore, respectfully dissent.
While conclusory allegations containing no facts, or just legal statements, are insufficient to survive such a motion (see Godfrey v Spano, 13 NY3d 358, 373 [2009]), complaints need *1187 not include all of the facts and details supporting a cause of action (see CPLR 3013). Although the complaint here is sparse on factual details, it alleges that plaintiff retained defendants in September 2003 for his personal injury action, after joinder of issue, and that, in December 2009, defendant moved for partial summary judgment on liability based on “long-established case law” regarding rear-end collisions. The motion was ultimately successful. Plaintiff also alleged that the liability issue presented in the summary judgment motion could have been made in 2003, and the failure to make the motion earlier — which was allegedly due to defendants’ negligence and failure to exercise the care, skill and diligence typically possessed by members of the legal community — deprived plaintiff of prejudgment interest that is calculated from the determination of liability. The complaint further alleges that “[defendants’ negligence was a proximate cause of plaintiffs loss of over six years of 9% interest on the judgment in the underlying case.”
The majority correctly states that the complaint does not contain any details concerning defendants’ efforts during the six years, which could establish that the motion would have been successful earlier. But plaintiff may not possess such facts or information and may only learn them through the discovery process in this action. Plaintiff is not required to prove his cause of action at this procedural stage; he is only required to make allegations as to each element of a cause of action that he will later attempt to prove (see Tenzer, Greenblatt, Fallon & Kaplan v Ellenberg, 199 AD2d 45, 45 [1993]). Plaintiff alleged that the motion could have been made earlier and defendants’ failure to make the motion in a timely fashion was improper under the standards of the profession. These allegations will need to be fleshed out and proven at a later stage of the action, but we are only at the pleading stage. Even if plaintiff can never prove that defendants should have made the motion in September 2003, the complaint alleges that defendants had no valid reason for failing to make the motion in a timely fashion, which could be liberally construed to include a date later than 2003 but well before the 2009 date when defendants eventually made the motion. A plaintiff may not merely allege legal conclusions, but in this legal malpractice claim plaintiff was permitted to rely on legal statements concerning the right to prejudgment interest and the logical conclusion that an earlier determination of liability would permit a greater accrual of interest (i.e., but for the delay in filing the motion, plaintiff would ultimately have collected a larger amount in interest). It may have been preferable for plaintiff to include more information in the complaint, and he *1188 may or may not be able to eventually establish that defendants’ actions constituted legal malpractice. For purposes of this motion to dismiss for failure to state a cause of action, however, the complaint addressed each element, so defendants’ motion should have been denied (see Rivas v Raymond Schwartzberg & Assoc., PLLC, 52 AD3d 401, 401 [2008]; Gelfand v Oliver, 29 AD3d 736, 737 [2006]; Tenzer, Greenblatt, Fallon & Kaplan v Ellenberg, 199 AD2d at 45).
Ordered that the order is affirmed, with costs.