Genet v Buzin (2018 NY Slip Op 01878)





Genet v Buzin


2018 NY Slip Op 01878


Decided on March 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018

Friedman, J.P., Richter, Mazzarelli, Kapnick, Gesmer, JJ.


162666/15 -6038A 6038 6037

[*1] Randy Genet, et al., Plaintiffs-Appellants,
v
Andrew Scott Buzin, et al., Defendants-Respondents, Allen Victor Koss, et al., Defendants.


Randy S. Genet, appellant pro se.
Gerald H. Genet, appellant pro se.
Kennedys CMK, New York (Sean T. Burns of counsel), for respondents.



Judgment, Supreme Court, New York County (Joan M. Kenney, J.), entered September 29, 2016, dismissing the complaint as against defendants Andrew Scott Buzin, Buzin Law, P.C., Leslie L. Lewis, and Carly Marie Jannetty, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 14, 2016, which granted defendants' motion to dismiss the complaint as against them, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered January 20, 2017, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion to renew so much of defendants' motion to dismiss as was based on lack of personal jurisdiction, and for leave to serve an amended complaint, unanimously affirmed, without costs.
Plaintiffs' proposed amendment is "palpably insufficient" (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 499 [1st Dept 2010]). The allegations underlying the legal malpractice claim merely "reflect plaintiff[s'] dissatisfaction with defendants' strategic choices and tactics; there is no showing that those choices and tactics were unreasonable" (Kassel v Donohue, 127 AD3d 674, 674 [1st Dept 2015], lv dismissed 26 NY3d 940 [2015]; see also Rosner v Paley, 65 NY2d 736, 738 [1985]). The breach of contract claim is duplicative of the legal malpractice claim, since it arises from the same facts and alleges similar damages (see Rivas v Raymond Schwartzberg & Assoc., PLLC, 52 AD3d 401 [1st Dept 2008]).
In view of the foregoing, we need not reach plaintiffs' argument about personal jurisdiction.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 20, 2018
CLERK