Petito v Law Offs. of Bart J. Eagle, PLLC (2019 NY Slip Op 02163)





Petito v Law Offs. of Bart J. Eagle, PLLC


2019 NY Slip Op 02163


Decided on March 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2019

Friedman, J.P., Renwick, Webber, Kahn, Kern, JJ.


8761 153956/16

[*1]Orazio Petito, Plaintiff-Appellant,
v
Law Offices of Bart J. Eagle, PLLC, et al., Defendants-Respondents, Bart J. Eagle, Esq., Defendant.


Andrew Lavoott Bluestone, New York, for appellant.
Kaufman Dolowich & Voluck, LLP, Woodbury (Brett A. Scher of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered March 28, 2018, which to the extent appealed from, granted the motion of the Law Offices of Bart J. Eagle PLLC, Fischer Porter Thomas & Reinfeld, P.C., and Joel Reinfeld, Esq. to dismiss the complaint, unanimously modified, on the law, to reinstate plaintiff's legal malpractice cause of action as against the Law Offices of Bart J. Eagle, PLLC, and otherwise affirmed, without costs.
The motion court properly dismissed plaintiff's breach of contract and breach of fiduciary duty causes of action (Rivas v Raymond Schwartzberg & Assoc., PLLC, 52 AD3d 401, 401 [1st Dept 2008]; Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 271 [1st Dept 2004]). Plaintiff's breach of contract cause of action was plainly based on the same facts as his legal malpractice cause of action. Plaintiff repeatedly referenced defendants' alleged negligence in support of his breach of contract cause of action, provided no specific allegations to support his improper billing claims, and alleged that he was damaged by paying defendants' bills in light of their negligence. Although included in his summons with notice, plaintiff failed to plead a cause of action for breach of fiduciary duty in his complaint. In any event, plaintiff did not allege any conflict of interest in defendants' representation which amounted to a substantial factor in his loss (Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 10 [1st Dept 2008]).
As the documentary evidence submitted did not utterly refute plaintiff's allegations of proximate causation, the malpractice claim against defendant Law Offices of Bart J. Eagle, PLLC is reinstated. Nevertheless, it did establish that plaintiff's legal malpractice cause of action was barred by the statute of limitations as against Fischer Porter Thomas & Reinfeld, P.C. and Joel Reinfeld, Esq. (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; McCoy v Feinman, 99 NY2d 295, 300-301 [2002]). The continuing representation doctrine does not apply.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 21, 2019
CLERK