Courtney v McDonald (2019 NY Slip Op 07856)





Courtney v McDonald


2019 NY Slip Op 07856


Decided on October 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2019

Friedman, J.P., Kapnick, Kern, Singh, JJ.


10250 157696/17

[*1] Todd Courtney, et al., Plaintiffs-Respondents,
v
John P. McDonald, et al., Defendants-Appellants.


Winget, Spadafora & Schwartzberg, LLP, New York (Anthony D. Green of counsel), for appellants.
The Law Office of Aaron M. Schlossberg, P.L.L.C., New York (Aaron M. Schlossberg of counsel), for respondents.



Order, Supreme Court, New York County (David B. Cohen, J.), entered May 8, 2018, which, to extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint, unanimously modified, on the law, to grant the motion
as to the first cause of action insofar as it is based on defendants' representation of plaintiffs in the matter concerning 304 W 18th and to grant the motion as to the second and third causes of action in their entirety, and otherwise affirmed, without costs.
The first cause of action in plaintiffs' complaint alleges legal malpractice with respect to defendants representation of plaintiffs in two underlying actions - the 304 W 18th Street matter and the 175 W 12th Street matter. Contrary to defendants' argument, the malpractice cause of action with respect to the 175 W 12th Street matter is not time-barred by the three-year statute of limitations applicable to legal malpractice claims (CPLR 214[6]). Defendants failed to demonstrate that the attorney-client relationship ceased to exist within three years of August 28, 2017, the date plaintiffs filed this action. Although defendants sent a letter, dated August 7, 2014, unilaterally terminating their representation of plaintiffs, they failed to move to withdraw from representation in the foreclosure action (see CPLR 321[b]) until more than a year after sending the subject letter. Accordingly, to the extent plaintiffs' first cause of action concerns alleged legal malpractice by defendants in their representation of plaintiffs in the matter concerning 175 W 12th Street, the motion to dismiss that cause of action was properly denied.
However, the complaint fails to state a cause of action for legal malpractice with respect to defendants' representation of plaintiff in the action concerning 304 West 18th Street, because the allegations of the complaint, even if timely, would not establish "that but for the attorney's negligence, [plaintiffs] would have prevailed in the underlying matter or would not have sustained any ascertainable damages" (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 115 AD3d 228, 236-237 [1st Dept 2014] [internal quotation marks omitted], mod on other grounds 26 NY3d 40 [2015]). Accordingly, the portion of the first cause of action concerning the 304 W 18th Street matter should have been dismissed.
[*2] The breach of fiduciary duty and breach of contract claims should be dismissed as duplicative, as they arise out of the same facts and seek the same damages as the legal malpractice claim (InKine Pharm. Co. v Coleman, 305 AD2d 151 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 31, 2019
CLERK