Panwest NCA2 Holdings LLC v Rockland NCA2 Holdings, LLC (2022 NY Slip Op 03328)





Panwest NCA2 Holdings LLC v Rockland NCA2 Holdings, LLC


2022 NY Slip Op 03328


Decided on May 19, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Friedman, Shulman, JJ. 


Index No. 653890/20 Appeal No. 15978 Case No. 2022-00664 

[*1]Panwest NCA2 Holdings LLC, Plaintiff-Respondent,
v
Rockland NCA2 Holdings, LLC, Defendant-Appellant.


Kent, Beatty & Gordon, LLP, New York (Joshua B. Katz of counsel), for appellant.
Foley & Lardner LLP, New York (Jonathan H. Friedman of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J,), entered on or about February 8, 2022, which denied defendant's motion to dismiss the first amended complaint pursuant to CPLR 3211 (a)(1) and (7), unanimously modified, on the law, to grant the motion as to the causes of action for fraud and unjust enrichment (counts three, four, five, six and seven), and otherwise affirmed, without costs.
In this action arising out of an agreement to purchase and sell a power plant, plaintiff sufficiently alleged the damages element of its claim for breach of contract with respect to the non-annual maintenance (NAM) costs (see Tenzer, Greenblatt, Fallon & Kaplan v Ellenberg, 199 AD2d 45, 45 [1st Dept 1993]). The motion court also correctly concluded that there are sufficient allegations that defendant breached section 6.1 of the purchase agreement when it approved the proposed 2020 budget, which contained more than $500,000 worth of capital expenses, without apprising plaintiff, and that defendant breached section 6.2 of the agreement by failing to provide plaintiff with an accurate copy of the proposed 2020 budget.
The motion court correctly declined to dismiss the breach of contract claim with respect to the plant's evaporation pond. The parties dispute whether the environmental pond survey was material and final within the terms of the agreement. However, that issue cannot be conclusively resolved on a pre-answer motion to dismiss. To the extent that defendant relies on the pond surveyor's May 2019 email and its reference to the report as "preliminary," the email does not utterly refute plaintiff's allegations that defendant knew about the impending need for the pond's remediation to warrant dismissal pursuant to CPLR 3211(a)(1) (see generally Art & Fashion Group Corp. v Cyclops Prod., Inc., 120 AD3d 436, 438 [1st Dept 2014]).
The claims based on fraud or fraudulent concealment with respect to the NAM costs and the evaporation pond (counts three, four, five and six) should have been dismissed as duplicative of the breach of contract claims; even though the alleged misstatements and omissions related to matters of present fact, the matters in question were not collateral to the purchase agreement but were within the scope of the parties' rights and obligations under the terms of the purchase agreement (see Orix Credit Alliance v Hable Co., 256 AD2d 114, 115 [1st Dept 1998] ["far from being collateral to the contract, the purported misrepresentation was directly related to a specific provision of the contract"(internal quotation marks omitted)]).
Plaintiff's unjust enrichment claim should have been dismissed as duplicative of the breach of contract claim. The parties do not dispute the existence of a valid written
agreement, and the issue here is whether defendant breached the agreement (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: May 19, 2022