Markov v Barrows (2022 NY Slip Op 04780)

Markov v Barrows

2022 NY Slip Op 04780

Decided on August 02, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 02, 2022

Before: Gische, J.P., Webber, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 158043/19 Appeal No. 15747-15747A Case No. 2020-02394, 2021-01785 

[*1]Dmitry Markov, Plaintiff-Appellant,
v
Michael Barrows, Defendant-Respondent, Anthony Capetola Doing Business as Law Offices of Anthony A. Capetola, Defendant.

Law Offices of Sanford F. Young, P.C., New York (Sanford F. Young of counsel), for appellant.
Gordon Rees Scully Mansukhani, LLP, New York (Sarah Prager of counsel), for respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered April 21, 2020, which, to the extent appealed from as limited by the briefs, granted defendant Michael Barrows, Esq.'s CPLR 3211(a)(7) motion to dismiss the legal malpractice claim, unanimously affirmed, without costs. Order, same court (Frank P. Nervo, J.), entered April 29, 2021, which, to the extent appealed from, denied plaintiff's motion for leave to amend the complaint, unanimously affirmed, without costs.
This legal malpractice action stems from defendant's representation of plaintiff in a prior action in which plaintiff sought to recover damages he allegedly sustained after purchasing at auction a particular medal that he asserted was worth far less than his winning bid. Plaintiff alleges that defendant failed to timely sue the proper parties — namely, Stack's LLC and its auctioneers — leading to the dismissal of the prior action and precluding any recovery by plaintiff for alleged misrepresentations by Stack's and the auctioneers regarding the materials comprising the medal.
Supreme Court properly dismissed plaintiff's legal malpractice cause of action in the original complaint because he failed to allege that "but for" defendant's negligent conduct, he would have prevailed in the underlying action (Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 272 [1st Dept 2004]; see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). Plaintiff's citation to a ruling in the underlying action denying dismissal of his fraud claim, among others, did not, without more, show that he would have prevailed in the underlying action had defendant timely commenced it by naming the proper parties in the original complaint (see Sonnenschine v Giacomo, 295 AD2d 287, 287 [1st Dept 2002]).
Further, Supreme Court providently exercised its discretion in denying plaintiff's motion for leave to amend the complaint because the claims asserted in the proposed amended complaint are devoid of merit (see Lewis v Pierce Bainbridge Beck Price & Hecht, LLP, 205 AD3d 618 [1st Dept 2022]). With respect to the underlying transaction giving rise to plaintiff's legal malpractice action, the proposed amended complaint alleges, among other things, that plaintiff purchased a Russian military order (the medal) at an auction conducted by Stack's and its auctioneers; that Stack's and the auctioneers represented in the auction catalog and at auction that the medal was comprised of "brilliants," which plaintiff claims is a term commonly understood in the numismatic trade to mean diamonds; that the medal was sealed in plastic, restricting plaintiff's ability to inspect the medal prior to auction; that plaintiff justifiably relied on the catalog representation that the medal was comprised of brilliants in bidding on the medal, including the winning bid of $600,000; that plaintiff discovered after the auction that the medal was not comprised of brilliants, but instead [*2]was comprised of inferior materials (i.e., glass or lead crystals), drastically affecting the value of the medal; and that plaintiff suffered both direct and consequential damages because he paid significantly more for the medal than its worth.
Plaintiff could not have prevailed in the underlying action — and, therefore, cannot prevail in this legal malpractice action (see Warshaw Burnstein Cohen Schlesinger & Kuh, LLP v Longmire, 106 AD3d 536, 536 [1st Dept 2013]) — because plaintiff's fraud and breach of contract claims against Stack's and the auctioneers would have been flatly defeated by the various disclaimers and conditions in the terms of sale contained in the auction catalog.
By placing a bid in the auction, plaintiff, a numismatic dealer who buys, sells, and collects Russian coins and medals, acknowledged receipt of the auction catalog and agreed to adhere to the terms of sale (see Terms of Sale ¶¶ 5, 40). Bidders were "encouraged to carefully examine all lots prior to sale," because the lots would not be shown at the sale (Terms of Sale ¶ 15, see Terms of Sale ¶ 26). Stack's assumed no liability for the facts stated concerning the items in the auction, except as specified in the terms of sale (Terms of Sale ¶¶ 15, 18[k]; see Terms of Sale ¶ 31 ["Stack's hereby disclaims all liability for damages, incidental, consequential or otherwise, arising out of or in connection with the sale of any property by Stack's to purchaser"]). While offering a limited warranty "that any numismatic item sold is authentic (i.e., not counterfeit, that its date or mintmark has not been altered, and that the coin has not been repaired as those terms are used in the trade)," Stack's made clear that "all other warranties of authenticity of authorship, whether express or implied, [were] disclaimed" (Terms of Sale ¶ 16). Elsewhere in the terms of sale, Stack's warned bidders (in bold text) that, "[e]xcept as otherwise expressly stated in the Terms of Sale, Stack's and its agents and employees make no warranties or guaranties or representations, and expressly disclaim all warranties and guaranties and representations, including, without limitation, a warranty of merchantability, in connection with any numismatic properties sold by Stack's" (Terms of Sale ¶ 18[h]; see Terms of Sale ¶ 18[i] ["All oral and written statements made by Stack's are statements of opinion only and are not warranties or representations of any kind, unless stated as a specific written warranty, and no employee or agent of Stack's has authority to vary or alter these Terms of Sale . . ."]).
In light of the constellation of disclaimers and conditions in the terms of sale, plaintiff cannot demonstrate that, but for defendant's alleged legal malpractice, plaintiff would have prevailed in the underlying action against Stack's and the auctioneers.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 2, 2022